Bobby Gene HOLCOMB, Appellant,

v.

The STATE of Texas, Appellee.

No. 49957.

Court of Criminal Appeals of Texas.

May 28, 1975.

Gene Storrs, Amarillo, for appellant.

Guy Hardin, Dist. Atty., Pampa, Jim D. Vollers, State's Atty., and David S. Mc-Angus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft, wherein the punishment was assessed by the jury at five (5) years.

It appears that in the first trial on the indictment in question appellant was convicted, but a new trial was granted. He was retried, resulting in the conviction now on appeal.

In two grounds of error appellant asserts the trial court erred in permitting the State to reopen its case instead of ruling on his motion for instructed verdict of not guilty, and this abuse of discretion prejudiced his right to a fair trial since he had prepared the case law to support the granting of the said motion for instructed verdict.

The record is before this court without a transcription of the court reporter's notes, and we are unable to pass upon appellant's contentions. The record before us, without a transcription of the court reporter's notes, does not support these contentions. A party desiring to have included in the record a transcription of the court reporter's notes has the responsibility for

**662**

obtaining the same. See Article 40.09, Sec. 5, Vernon's Ann.C.C.P. There is no question of indigency. Nothing is presented for review. See and cf. Wells v. State, 516 S.W.2d 663 (Tex.Cr.App.1975).

We observe appellant asserts in his brief that at the close of the State's case he moved for an instructed verdict of not guilty on the ground that the State had failed to prove lack of consent since the alleged owner of the "house" involved, Bill Jobe, had not testified and the State had only offered the testimony of a co-owner (not alleged in the indictment) as to whether there was consent or not. Appellant asserts that the court granted a three day "continuance" for both parties to prepare briefs on the question involved and excused the jury until then. It appears from the brief that three days later the State showed up without a brief but with the witness Jobe, and the court, instead of ruling on the motion for instructed verdict, permitted the State to reopen its case and present further testimony, removing the legal question upon which the motion was based. It appears appellant contends it was unfair for him to have to prepare "case law" on the subject matter involved in the motion while the State used the time to locate the witness.

It is well established that this court cannot accept as fact allegations or assertions in an appellate brief which are not supported by the record. See Washington v. State, 500 S.W.2d 485 (Tex.Cr.App. 1973); Devereaux v. State, 473 S.W.2d 525 (Tex.Cr.App.1971).

Nevertheless, we observe that if the facts, as asserted, were true and were supported by a transcription of the court reporter's notes, no error is reflected. Article 36.02, Vernon's Ann.C.C.P., provides that the court shall allow testimony to be introduced at any time before the argument of the case is concluded if it appears that it is necessary to a due administration of justice. Northcutt v.

State, 478 S.W.2d 935 (Tex.Cr.App.1972); Castillo v. State, 494 S.W.2d 844 (Tex.Cr. App.1973); Stout v. State, 500 S.W.2d 153 (Tex.Cr.App.1973).

The judgment is affirmed.