Alva Heywood COOPER, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–387–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1982.
Rehearing Denied May 6, 1982.

James Walker, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal arises out of a conviction for possession of less than two ounces of marijuana wherein the punishment was assessed at 180 days in the county jail, probated. We affirm.

Appellant's sole ground of error concerns the legality of the search and seizure. He contends that the search allegedly made pursuant to arrest was improper as there was no probable cause for the arrest. This appeal is from the denial of appellant's motion to suppress evidence after which he pled nolo contendere and was found guilty by the trial court.

At the hearing on appellant's motion to suppress, testimony was taken and evidence introduced to apprise the court of the facts and circumstances leading to the arrest so as to aid the court in making its determination on the issue of probable cause. However, no statement of facts of the evidence at the hearing has been filed with this court. Nothing is presented for review. *Holcomb v. State*, 523 S.W.2d 661 (Tex.Cr.App.1975).

While our consideration of this case could end with the above statement and authority, we feel compelled to discuss a problem raised by this appeal. This is the question of what appellant must present to the appellate court in order to be entitled to file a statement of facts after the time for its filing has expired.

Subsequent to the filing of the State's brief in the instant case, appellant realized that no statement of facts had been filed. He thereafter filed a motion for leave to file supplemental material in this court on December 16, 1981. Prior to any disposition of that motion, appellant filed a motion for leave to make oral argument in support of his motion on December 21, 1981. We granted his motion and this court heard his oral argument on January 7, 1982. At that hearing, we informed appellant's attorney of the proper way to seek a late filing of a statement of facts. He must attach affidavits in support of his motion sufficient to show good cause for why this relief should be granted. He may also obtain relief by filing an application for a writ of habeas corpus. In the instant case, appellant's motion did not show good cause as no affidavits to support his contention of ineffective assistance of counsel were attached.

Appellant's first motion for leave to file supplemental material was denied on January 7, 1982 after appellant's oral argument for the above reason. He thus had over three months to refile the motion correctly before the case would be submitted for oral argument on March 17, 1982. However, appellant's second motion was not filed until one day prior to that date. That motion entitled "Motion to File Supplemental Brief" was still inadequate as it likewise was not supported by affidavits showing good cause. Consequently, appellant's motion is denied and the conviction is affirmed.