Ray Charles BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0151–CR.

Court of Appeals of Texas,
Tyler.

Feb. 24, 1983.

LaJuanda T. Lacy, Tyler, for appellant.

James L. Chapman, Sulphur Springs, for appellee.

Before SUMMERS, C.J., and McKAY and COLLEY, JJ.

SUMMERS, Chief Justice.

This is an appeal from a conviction for the offense of theft of property valued at $200.00 or more but less than $10,000.00. After a plea of not guilty, the jury found appellant guilty and assessed his punishment at ten years confinement in the Texas Department of Corrections and a fine of $5,000.00.

We affirm.

This is a circumstantial evidence case, and appellant asserts three grounds of er-

ror. In his first ground appellant challenges the sufficiency of the evidence to sustain the conviction.

The theft, which is the subject of this conviction occurred on January 30, 1980, in Beall's Department Store in Sulphur Springs, Hopkins County, Texas. The items allegedly stolen were two tan leather blazer style jackets and one dark brown surcoat (hereinafter referred to as three leather coats). The record reflects conclusively from the testimony of three store employees that when appellant and his female companion arrived at the store on the afternoon of January 30, 1980, the three leather coats alleged to have been stolen were on a rack in the men's department of the store; that while appellant and his companion were in the store they were the only customers in the area of the store where said coats were located; and that after appellant left carrying a gift-wrapped box, the three leather coats were gone.

James West, the store manager, identified appellant as the man in his store on the day and time in question. Mr. West also testified: that appellant and his companion spent about two hours in the store and did not buy anything; that he had attempted to watch them as closely as possible during the period they were there; that when they left the store without making a purchase, appellant was carrying a gift-wrapped box with his hands holding the bottom of the box; that they then proceeded to leave in a green Cadillac car equipped with a sun roof and a luggage rack on the trunk; that the three leather coats were missing when appellant left; that the box carried out by appellant had been set down in front of the leather coats near the front of the men's department while appellant was in the store; that no other customers were in the area while appellant and his companion were in the men's department of the store. Mr. West also testified as to lack of consent, ownership, value, location and date of the theft.

Mr. Vickers, a salesman in the men's department, testified that the store had three leather coats left on the morning of January 30, 1980; that these three coats were on the rack in the store when he left for lunch around 1:00 to 1:30 p.m.; that he saw a black couple enter the store as he was leaving; that when he got back to the store, apparently right after the couple left, the police were being called and he noticed the three leather coats were gone.

Mr. Holloway, another store employee, also testified that he waited on the black couple who came into the men's department as Mr. Vickers left for lunch, and that at such time the three coats were still on the rack in the store. He also identified the appellant and a woman seated behind him in court as the couple he waited on that day. Holloway further testified that the couple were the only customers in the men's department during the period in question; that when he went with appellant's companion to show her some jeans near the back of the store, appellant remained in the front of the store near the shirts and leather coats; that after Mr. West went to the back of the store to check on a shirt price for appellant and after the woman told Holloway in the jeans section "let me look around some more," the couple suddenly "just hurried and got out of the store"; that Mr. Vickers arrived shortly thereafter and it was discovered the three leather coats were gone.

The record further reflects that appellant was not apprehended until March 10, 1980. David Free, an officer with the Sulphur Springs Police Department, testified that he saw appellant in the green Cadillac and made the arrest. On the back seat of the car was a gift-wrapped box, a photograph of which was admitted into evidence without objection as State's Exhibit 5, which Mr. West testified had the same general appearance and size as the box carried out of the store by appellant on January 30, 1980, except the wrapping and bow were of a different color. The coats were never located.

It is well established that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and

proof amounting only to a strong suspicion or mere probability is insufficient. *Vaughn v. State,* 607 S.W.2d 914, 921 (Tex.Cr.App. 1980); *Easley v. State,* 564 S.W.2d 742, 749 (Tex.Cr.App.1978). But it is not necessary, however, that every fact point directly and independently to the guilt of the accused; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Sullivan v. State,* 564 S.W.2d 698, 705 (Tex.Cr.App. 1978) (on motion for rehearing). It is not required that the circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but the hypothesis intended is a reasonable one consistent with the facts proved and the circumstances, and the supposition that the act may have been committed by another person must not be out of harmony with the evidence. *Flores v. State,* 551 S.W.2d 364, 367 (Tex.Cr.App.1977).

■ We find the cumulative force of all the incriminating circumstances sufficient for the jury, as the trier of fact in this case, to conclude, as they did, that appellant was guilty beyond a reasonable doubt of the offense with which he was charged. Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the court erred in permitting the State to introduce evidence relative to extraneous offenses. The prosecutor's questioning of James West regarding other items that may or may not have been missing from the store on January 30, 1980 (the day of subject offense) was objected to by appellant's counsel as "immaterial and irrelevant." Likewise, the questioning of Officer Free by State's counsel regarding appellant's arrest on March 10, 1980, was objected to as, first, "immaterial and irrelevant," and then by another general objection.

■ It is well settled that general objections such as the type used here preserve no error for review. *Williams v. State,* 549 S.W.2d 183, 186 (Tex.Cr.App.1977); *Smith v. State,* 513 S.W.2d 823, 829–30 (Tex.Cr. App.1974). Further, the Court of Criminal Appeals has repeatedly held that the grounds of error in one's appellate brief must comport to the objections at trial; otherwise, nothing is presented for review. *Crocker v. State,* 573 S.W.2d 190, 205 (Tex. Cr.App.1978); *Graham v. State,* 546 S.W.2d 605, 608 (Tex.Cr.App.1977); *Smith, supra* at 830; *Campbell v. State,* 492 S.W.2d 956, 959 (Tex.Cr.App.1973). The trial objections here of immateriality, irrelevancy, and the objection without assignment of reason may not be converted on appeal to claims of assertion of extraneous offenses. Nothing is presented for review. Appellant's second ground is overruled.

■ Appellant in his third ground contends that the trial court erred in its failure, upon request by defense counsel, to disqualify the entire jury panel. A review of the record does not reflect any request or motion by appellant to disqualify the jury panel nor any objection to the court's failure to take such action. Thus, absent such a request or objection, nothing is preserved for review. *Esquivel v. State,* 595 S.W.2d 516, 524 (Tex.Cr.App.1980); *DeRusse v. State,* 579 S.W.2d 224, 232 (Tex.Cr.App. 1979). Moreover, the court cannot accept as fact allegations or assertions in an appellant's brief which are not supported by the record. *Beck v. State,* 573 S.W.2d 786, 788 (Tex.Cr.App.1978); *Holcomb v. State,* 523 S.W.2d 661, 662 (Tex.Cr.App.1975); *Morrow v. State,* 636 S.W.2d 559, 564 (Tex.App.— San Antonio 1982, no P.D.R.). Accordingly, appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.