Cruz v. OT
















NUMBER 13-03-00189-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JAIME CRUZ,                                                                                Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 93rd District Court of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellant, Jaime Cruz, pleaded guilty on October 6, 1997, to the offense of burglary
of a habitation. The trial court found appellant guilty and, in accordance with a plea
agreement: (1) assessed his punishment at ten years imprisonment and a $750 fine; (2)
ordered that he pay restitution in the amount of $1,420.77; (3) suspended the jail sentence;
and (4) placed him on community supervision for ten years.
          On November 5, 2002, the State filed a motion to revoke, alleging appellant had
violated thirteen conditions of his community supervision, including that he had committed:
1.       The subsequent criminal offense of driving while intoxicated on or
about October 3, 2002 in Hidalgo County, Texas;
 
2.       The subsequent criminal offense of aggravated assault on or about
May 7, 2002 in Hidalgo County, Texas;
 
3.       The subsequent criminal offense of public intoxication on or about
May 7, 2002 in Hidalgo County, Texas;
 
4.       The subsequent criminal offense of driving while intoxicated on or
about November 17, 1999 in Hidalgo County, Texas;
 
5.       The subsequent criminal offense of assault on or about June 18, 2001
in Hidalgo County, Texas.
 
In the remaining eight allegations, the State claimed appellant had failed to: (1) report as
ordered; (2) avoid alcohol and illegal drugs; (3) work at community service projects; (4) pay
his monthly community supervision fee; (5) pay his fine; and (6) pay his restitution. 
Appellant pleaded “not true” to all of the allegations in the State’s motion. After an
evidentiary hearing, the trial court found that appellant had violated the conditions of his
community supervision, revoked his community supervision, and reassessed his
punishment at five years imprisonment. The trial court has certified that this case “is not
a plea-bargain case and the defendant has the right of appeal.” See Tex. R. App. P.
25.2(a)(2). In five issues, appellant contends: (1) he suffered harm because the trial judge
was not fair and impartial; and (2) the trial judge was constitutionally disqualified from
presiding over his case. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
A. Fair and Impartial
          In his first, second, third, and fourth issues, appellant complains that the trial judge
was not fair and impartial. Appellant contends the judge had decided he had violated the
conditions of his community supervision before he entered his plea of “not true” and before
the State presented any evidence. 
          At the beginning of the revocation hearing, appellant’s counsel told the trial court
that: (1) he had informed appellant that the State could definitely prove at least three of
the allegations in the motion to revoke;


 and (2) he had advised appellant to accept the
State’s plea bargain offer of the minimum period of imprisonment of two years. Appellant
then complained about the advice he had received from his counsel and asked the judge
to appoint another attorney. The trial judge responded:
I’m not going to give you – appoint another lawyer. [Your defense counsel]
has done an excellent job. [He] is a most capable lawyer. You have violated
the terms and conditions of the Court’s order of probation, I am satisfied. 
And I’m prepared to listen to this testimony, and then you can be satisfied as
well.
 
          Due process requires that a neutral and detached hearing body preside over
probation revocation proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). The
Texas Constitution requires no less. Nonetheless, in the absence of a clear showing to the
contrary, we will presume that the trial judge was a neutral and detached officer. See
Fielding v. State, 719 S.W.2d 361, 366 (Tex. App.–Dallas 1986, pet. ref’d).
          On this record, we conclude that the trial judge’s comment did not stem from bias
or prejudice but from the judge’s familiarity with appellant’s case. Before the judge made
his comment, appellant’s counsel already had conceded in open court that the State could
prove at least three allegations that appellant had committed subsequent criminal offenses. 
Further, the judge commented to appellant that he had given him “chance, upon chance,
upon chance,” revealing the judge’s personal familiarity with appellant’s continuing failure
to comply with the terms and conditions of his community supervision.
          Appellant further contends that the trial judge was hostile to him because he
rejected a proffered plea bargain. However, the record does not support appellant’s
contention. In fact, the record shows the opposite. Before pronouncing appellant’s
punishment, the trial judge told appellant, “I’m not going to penalize you for doing this the
hard way. You’ll be penalized enough as it is.” Significantly, the judge then rejected the
State’s request that appellant serve the originally-imposed sentence of ten years
imprisonment and reduced appellant’s sentence to five years.
          Appellant has not made a clear showing that the trial judge was not a neutral and
detached officer. Accordingly, we overrule appellant’s first, second, third, and fourth
issues.
B. Disqualified
          In his fifth issue, appellant asserts the trial judge was disqualified from conducting
the revocation hearing because he attempted to negotiate a plea with appellant. Appellant
claims the trial judge offered him a plea bargain and commented on the benefits of
accepting it. Thus, he argues, the judge should have been constitutionally disqualified from
presiding over the case.



          The record does not show that the trial judge was involved in any plea bargaining
with appellant. The record shows only that the judge informed appellant he would consider
accepting the plea bargain being offered. Adopting appellant’s view of the record would
require this Court to engage in conjecture, and we cannot accept as fact allegations or
assertions in an appellate brief which are not supported by the record. See Holcomb v.
State, 523 S.W.2d 661, 662 (Tex. Crim. App. 1975). Appellant’s fifth issue is overruled.
C. Appeal Waived
          In its brief, the State argues that appellant waived his right to appeal because he
failed to make any timely or specific objection in the trial court. Because we have overruled
all of appellant’s issues, it is not necessary to address this argument. See Tex. R. App. P.
47.1.
          The trial court’s revocation order is affirmed.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 26th day of August, 2004.