**Aurelio·C. SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47517.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Ollie K. Mayo, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gus Wilcox and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sale of heroin; the punishment, set by the trial court, twenty-five (25) years.

The sufficiency of the evidence is not challenged.

Appellant raises only one ground of error. He contends that the trial court abused its discretion in failing to grant his request and motion for additional time in which to locate and recall a material witness whose testimony was vital to his defense.

State's witness San Antonio Police Officer Chevera testified that on May 4, 1972, while working as an undercover officer he was approached by appellant and asked if he wanted to "score" (buy heroin). Officer Chevera gave appellant the money for the heroin; appellant left for a short time and returned with a balloon which allegedly contained heroin. After the sale was completed, Officer Chevera placed his initials on the balloon and gave it to one Officer Doyal.

Officer Doyal testified that he met with Officer Chevera at a pre-arranged location and that he was handed a single pink balloon which he initialed and put in his pocket. Later, at the narcotics office, he placed the balloon in an envelope with his initials on it. Subsequently, Officer Doyal turned over to the City Chemist a larger

envelope containing the envelope with the balloon.

City Chemist Torraco testified that he received the envelope from Officer Doyal and later ran tests on the contents of the balloon, determining that it was in fact heroin.

This was the state of the evidence when the prosecution rested its case at approximately 11:00 a. m. Appellant then recalled Officer Chevera for further cross-examination. The officer testified that he had rechecked his records and found that he had made two cases on May 4, 1972, one at 11:30 a. m. (which involved appellant) and another at 11:45 a. m. He further stated that it was not until 12:00 noon that he met with Officer Doyal, at which time he gave Officer Doyal two balloons. Following the examination of Officer Chevera, appellant's counsel asked to have Officer Doyal recalled. However, it was determined that Officer Doyal was not available because he was at that time executing a warrant. The trial court refused additional time to have Doyal recalled, pointing out that court had recessed for lunch at 11:00 a. m., had reconvened at 1:45 p. m., and that it was not until 2:05 p. m. that appellant's counsel requested that Doyal be recalled.

In essence what appellant is contending is that he was surprised at 2:05 p. m. by the testimony of the witness Chevera and that because of such surprise he needed the additional testimony of the absent witness Doyal.

We observe that the trial judge had specifically authorized defense counsel to recall Officer Doyal for further cross-examination after he had an opportunity to examine his records and determine how many cases he had made on May 4, 1972. The record does not reflect that Officer Doyal was excused by the trial court. Defense counsel asked to have Officer Doyal recalled as soon as it became apparent that he needed him. Clearly a contradiction had developed in the testimony of the state's witnesses. In overruling appellant's request for additional time, the trial court apparently chose to treat Officer Doyal as a prospective defense witness because he pointed out that he had instructed the defense to have all witnesses present at 1:00 p. m. He found that appellant's counsel was not diligent in securing the presence of the officer. Appellant's counsel pointed out to the trial court that he was under the impression that the witness had not been excused and that it did not become apparent to him that the officer's testimony might in fact be vital to the defense until Officer Chevera had been recalled.

The docket sheet reflects that the defense rested at 2:15 p. m., that the jury began deliberations at 2:52 p. m., and that the jury returned its verdict of guilty at 3:15 p. m. The absent witness in this situation was a police officer who had already testified for the state. It was not shown that he would not be available, only that there would be a delay in securing his presence. Such a delay would not appear to be unreasonable in light of all the circumstances.

Even though the trial court has obviously committed error by his actions, we must determine if harm has been shown. In order to demonstrate that he was injured by the Court's refusal to grant the delay it was incumbent upon appellant to make a showing at a hearing on the motion for new trial as to what Doyal's additional testimony would have been by affidavit or otherwise. This was not done. Haggerty v. State, Tex.Cr.App., 491 S.W.2d 916, and cases there cited.

Absent a showing of injury, we are constrained to hold that the error was harmless.

The judgment is affirmed.

ROBERTS, Judge (concurring).

I concur in the result. However, I do so only for the reason that the appellant failed to develop, at the hearing on his

motion for new trial, what the testimony of Officer Doyal would have been had he been recalled.

It is absolutely clear that the trial court erred in failing to grant the necessary additional time required to recall the witness.

In the instant case, the witness was allowed to leave the court without the court's consent. Nor was any effort made in order to determine, before the witness took his leave, whether either the parties desired to recall him. This was entirely improper. Although allowing a witness to be recalled is a matter within the sound discretion of the court, nevertheless, in any matter as important as this, that discretion must be soundly exercised, in order to insure that each party has the fullest opportunity to present his case. In order to have that opportunity, the parties must be able to rely upon the presence of the witnesses, and must be assured that witnesses will not be allowed to come and go as they please.

For the reasons stated, I concur.

ONION, P. J., joins in this concurrence.