**George VITAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49891.**

Court of Criminal Appeals of Texas.

June 4, 1975.

Ken McLean, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and R. P. Cornelius, Asst. Dist. Attys.,

Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of robbery by assault; punishment was assessed at 25 years.

Appellant was identified at trial as one of the men who committed the charged robbery at a Houston lounge. Defense witnesses testified that appellant was in Lake Charles, Louisiana, at the time of the offense. After deliberations during which the jury sent out notes requesting the reading of portions of the identification testimony and of the alibi testimony, a verdict of guilty was returned.

■ In his third ground of error appellant contends the trial court abused the discretion accorded it under Article 36.02, Vernon's Ann.C.C.P.,[1] when it refused his request to reopen before argument began, in order to offer testimony regarding writings on the back of a photograph introduced in support of his defensive theory. The witness was presented to the court, and out of the hearing of the jury testified that the photograph was taken of appellant, herself and other persons on the date of the alleged offense, in Lake Charles, Louisiana, and that the writings on the back, which had not been introduced before the jury, reflected the name of the witness and the date of the photograph written by the witness in her own hand on the date there stated.

Although appellant's motion to reopen the testimony was presented prior to the reading of the charge and argument in the cause, the court denied the motion. In Kep-

1. Article 36.02, V.A.C.C.P., reads as follows: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

ley v. State, Tex.Cr.App., 391 S.W.2d 423, this Court held:

"The trial judge fell into error in refusing to allow appellant's counsel to adduce testimony from the two witnesses who were available to testify on Wednesday, November 4, 1964. Although the testimony of these two witnesses is brought forward by bill of exception and the state takes issue with the testimony and says that it is either cumulative or of no probative value, we feel that appellant had the right to adduce it and allow the jury to weigh its credibility and probative value. It was an abuse of discretion not to allow its submission to the jury. Art. 643 [now Art. 36.02], Vernon's Ann.C.C.P., provides for the allowance of testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice. In Meeks v. State, 135 Tex.Cr.R. 170, 117 S.W.2d 454, this Court held that *it was not within the discretion of the Court to exclude the testimony of witnesses present before the Court read his charge to the jury and prior to the time the argument began.* We there said: While further time would have been taken if the witnesses had been permitted to testify, it is not shown that a postponement would have resulted. No facts and circumstances are presented which would in any manner indicate that the introduction of such testimony would have impeded the trial or in any way interfered with the due and orderly administration of justice. Also, see Stanley v. State, 138 Tex.Cr.R. 486, 137 S.W.2d 34." (Emphasis added.)

The facts of the instant case are clearly within the rule stated in *Kepley,* supra. Furthermore, in Meeks v. State, supra, relied upon for the Kepley rule, reversal was required notwithstanding the fact that neither of the witnesses, for whose testimony

leave to reopen was sought, "had ever been summoned as witnesses and no process issued." Meeks v. State, 117 S.W.2d 454, 456. The important factor with respect to diligence, when leave to reopen is sought under Article 36.02, supra, is not whether the evidence was available or could have been secured at an earlier stage of the trial, but rather, whether it is available at the time the request to reopen is made. These enlightening words appear in *Meeks,* supra, speaking to the limited discretion vested in the trial judge under Article 36.02, when the request to reopen is made before argument begins:

"We do not understand that it was necessary for appellant to show the court that the proposed testimony was newly discovered. In Steadham v. State [119 Tex.Cr.R. 475, 43 S.W.2d 944], it is shown that the testimony of the witnesses the appellant was requesting the opportunity to present was purely impeaching. In the course of the opinion Judge Hawkins said: 'It is well understood that ordinarily a case will not be *continued* or *postponed,* or a *new trial granted,* for purely impeaching testimony. *Appellant was seeking none of these. . . .* His only request was that he be given until 9 o'clock next morning to produce the witnesses named. The request seems not unreasonable." (Emphasis added.) 117 S.W.2d at pp. 456–457.

In the instant case the evidence sought to be presented to the jury was of direct bearing on the defensive theory, which, as evidenced by the notes from the jury, was receiving serious consideration by them. But irrespective of its weight, or of its probative value or cumulative character, or the issue upon which it is offered, as pointed out in the above quoted language from *Kepley* and *Meeks,* if the evidence was admissible [2] and offered before the

---

2. The requirement not met in Silva v. State, Tex.Cr.App., 502 S.W.2d 149, was here complied with. The witness tendered was sworn and the testimony which would have been presented was preserved in the record on appeal for review by this Court.

reading of the charge and prior to arguments, unless it appears its introduction would have impeded the trial or interfered with the due and orderly administration of justice, it will be reversible error to refuse the request to reopen for its receipt. Compare Holcomb v. State, 523 S.W.2d 661 (1975).

For the reasons stated, the judgment is reversed and the cause remanded.