**Donald Ray THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–487–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 1984.

Discretionary Review Refused Dec. 19, 1984.

Barbara Baruch, Houston, for appellant.

Calvin Hartman, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Donald Ray Thomas appeals his conviction of rape for which his enhanced punishment was set at life imprisonment. In the first of four grounds of error appellant contends that the trial court abused its discretion by denying his motion to reopen with additional testimony from a tardy witness. We agree with this contention. The judgment is reversed and the cause remanded.

The record indicates that appellant and the prosecutrix were involved in an extended street fight, which was witnessed by several people. The prosecutrix testified that appellant took her to a nearby apartment where he raped her. Several other witnesses testified, however, that they observed appellant and the prosecutrix before and after their entry into the apartment, and that the prosecutrix did not appear to have been coerced. The jury decided issue of coercion against appellant and found him guilty of rape.

During the trial, at approximately 4:50 p.m. on Tuesday, May 24, 1983, appellant called a witness, Pebbles Hudson (Pebbles) to testify in his behalf. Because of the late hour, the trial judge recessed until the next morning. He did, however, have Pebbles sworn in as a witness and instructed her to return at 9:45 the next morning. Pebbles did not appear at the prescribed time on Wednesday morning. Appellant's counsel then requested permission to briefly leave the courtroom in order to locate the witness and requested a writ of attachment for her, but both requests were denied. The court also refused to permit appellant's counsel to record what Pebbles's testimony would have been. Faced with these rulings by the court, the defense rested, both sides closed, and the jury was excused so the charge could be prepared.

While the jury was recessed, two events occurred. First, appellant's counsel made an offer of proof indicating what Pebbles Hudson would have testified to. The offer disclosed that Pebbles would testify that she was in the apartment where the rape took place when appellant and the prosecutrix arrived. She spoke with them before they went into the bedroom and remained in the apartment for a period of time thereafter. Pebbles did not hear or observe the prosecutrix scream, "holler," request assistance, or attempt to leave. In her opinion, the prosecutrix appeared friendly and willing to be with appellant.

After appellant's counsel made the offer of proof, but before the jury was reconvened or the charge was read, the missing

witness, Pebbles, appeared in the courtroom. Whereupon appellant's counsel immediately requested permission to reopen the case. After questioning Pebbles about her reasons for being late and her prior record, the court denied the motion to reopen.

▇ In his first ground of error, appellant argues that the refusal to reopen was reversible error. Article 36.02 of the Code of Criminal Procedure provides that the court shall allow testimony to be introduced any time before the argument of a case is concluded if it appears it is necessary to a due administration of justice. Although the decision to reopen is in the trial court's discretion, this discretion is not unlimited. Rather, the court must reopen the case when the following conditions are met: (1) the witness must be present and ready to testify; (2) the request to reopen must have been made before the charge was read to the jury and final arguments were made; and (3) the judge must have had some indication of what the testimony would be, and must have been satisfied that the testimony was material and bore directly on the main issues in the case. *Scott v. State,* 597 S.W.2d 755, 757–58 (Tex.Crim.App.1979); *Vital v. State,* 523 S.W.2d 662 (Tex.Crim.App.1975); *Meeks v. State,* 135 Tex.Cr.R. 170, 117 S.W.2d 454 (1938). Of course, if there is a showing that the additional testimony would have resulted in an impediment to the trial or interfered with the orderly administration of justice, the judge could properly refuse to reopen even if the above conditions were met. However, absent such a showing, the court abuses its discretion by refusing to reopen to permit such relevant testimony. This is true even though the testimony may not withstand cross-examination. Potential weakness in the testimony should not preclude the jury as the fact-finder from evaluating it. The proper standard should be whether the proffered testimony is relevant to a main issue of the case and not whether it may be discredited or weakened by the opposing trial counsel.

▇ In this case, Pebbles Hudson was present when appellant's counsel asked permission to reopen. The motion was made before the jury reconvened for the reading of the charge and final summations. Appellant's counsel had previously testified as to what Pebbles's testimony would be, and such testimony suggested the defensive theory of consent. Under these circumstances, we find that appellant established a proper case which warranted the court's reopening for this additional testimony.

The State, however, argues that appellant's counsel's "offer of proof" was an improper method of bringing the evidence to the attention of the court, and they contend that this unsworn statement by defense counsel did not properly preserve error. We disagree. Article 40.09(6)(d)(1) of the Code of Criminal Procedure specifically provides for less formal and alternative "offers of proof." One of which, provides that the court may, in its discretion, permit counsel to make a concise statement specifying what the excluded testimony would show, and this statement would be acceptable on appeal as establishing the content thereof. This is precisely what the court did here and it properly preserved the matter for our consideration.

As a final point, there is no showing in this case that reopening to allow the additional testimony would have brought about serious delay nor that it would have interfered with the administration of justice. Indeed, in our opinion, it would have promoted the ultimate administration of justice goal: to afford a full and fair hearing to the accused. We are also mindful and appreciative of the concern for efficient use of the jury's time by the trial courts. However, we find that the additional delay which might have been experienced by the court and jury here would have been warranted in order to insure a fair trial. Inasmuch as the critical test of relevancy was met by the proffered testimony, we find that the court should have allowed the defendant to reopen with it. In view of our disposition of the case on this first ground

of error, we need not discuss appellant's remaining grounds.

The judgment is reversed and the cause remanded.