**David Paul GIBSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–89–149–CR.**

Court of Appeals of Texas, Fort Worth.

May 8, 1990.

Rehearing Overruled May 31, 1990.

Discretionary Review Refused Aug. 22, 1990.

Kerry P. Fitzgerald and Richard C. Jenkins, Dallas, for appellant.

Jerry Cobb, Dist. Atty. and Gwinda Burns, Asst. Dist. Atty., Denton, for the State.

Before WEAVER, C.J., and JOE SPURLOCK, II and DAY, JJ.

OPINION

DAY, Justice.

Appellant, David Paul Gibson, pled not guilty to the first degree felony offense of injury to a child under TEX. PENAL CODE ANN. sec. 22.04 (Vernon 1990). The jury found him guilty and assessed punishment at fifty years confinement in the Texas Department of Corrections.[1]

We reverse and remand the trial court's judgment.

Gibson, twenty-three years of age, was employed at Piggly–Wiggly and had been attending college on and off for about three years. At the time of his marriage, Gibson and his wife, Shelli, had dated for several months, and Gibson was aware that she was pregnant by a former boyfriend. The child, Monica, was born several months after the couple married and was less than two months old when she was injured.

Shelli Gibson testified that throughout the weekend prior to the incident, she and appellant had been fighting about her parents, his career, and the effect Monica was having on his career. The following Tuesday the couple talked of divorce and Gibson took his wife to an attorney's office. They subsequently decided, however, that they could not afford a divorce and agreed to stop fighting.

After having lunch with his wife at home, Gibson took her back to work. After returning home with Monica, he placed a pan of water on the stove for tea. Moni-

---

1. Now the Texas Department of Criminal Jus-    tice, Institutional Division.

ca's diaper needed changing, so he decided to give her a bath. Gibson testified that he ran the water in the bathtub, adjusting the hot and cold levers as he normally did, but did not test the water before putting Monica in the bathtub. Hearing his tea water boiling over in the kitchen, he picked Monica up by her hands and feet and placed her in the bath water, leaving the child unattended for approximately three minutes while he cleaned up the stove. He returned to the bathroom and lifted Monica out of the tub when he noticed the water was hot.

Gibson testified he did not bathe her, because he was irritated over the mess made in the kitchen during his attempt to make tea. He dried Monica off and diapered her. After feeding the child, he checked her crib approximately forty-five minutes later, and noticed that her nighty was wet, she was red, and skin was coming off her back. After his use of baby powder and lotion failed to relieve these symptoms, Gibson wiped the lotion and powder off and drove to his wife's place of employment for assistance. The Gibsons took Monica to the Denton Hospital emergency room. She was taken immediately to Parkland Hospital in Dallas for treatment of burns which covered about 21% of her body surface.

Gibson pled not guilty to the offense of injury to a child. At trial, he testified in his own behalf and called several reputation witnesses. On rebuttal, the State called Norma Brazeal, Shelli Gibson's mother. Brazeal testified that while Monica was hospitalized at Parkland, Gibson told her that "he was going to walk away without a blemish from this," and "this better not interfere with my career." Brazeal also testified that Gibson had told her he was swinging Monica by one arm and one leg before placing her in the bathtub. Brazeal also recalled an occasion when Gibson, in anger, slammed his car door almost striking Monica's head.

The record reflects both sides closed on the evening of February 16, 1988. The trial judge directed counsel to return to court by 8:30 a.m. the following day to discuss the charge. Gibson's counsel did not arrive until approximately 9:45 a.m. the following morning, advising the court that he had been delayed by reason of bad weather. Gibson's counsel moved to reopen advising the court that he had a witness in court, Margaret Houghton, who was prepared to testify that the reputation of the State's rebuttal witness, Norma Brazeal, for truth and veracity in the community was bad. He advised the court that the testimony of Houghton would take only ten minutes of the court's time and emphasized the importance of the testimony because of the damaging testimony of the State's rebuttal witness the day before. The court's charge had not been read to the jury nor had jury arguments commenced. The trial court, however, refused to allow Gibson to reopen.

Houghton's testimony was then taken by bill of exception. She testified she had lived in Denton for twenty-one years and had known Brazeal for eight to ten years. She testified they both went to the same church, had eaten together many times, had visited in each other's homes, and shopped together. She testified she was familiar with Brazeal's reputation for truth and veracity in the community, and that it was bad.

The jury found Gibson guilty and assessed punishment at fifty years confinement in the Texas Department of Corrections. From this verdict, Gibson appeals.

In his first point of error, Gibson argues the trial court committed reversible error in refusing to permit him to reopen the evidence to present Margaret Houghton's testimony as to Norma Brazeal's reputation for truth and veracity. He argues that Brazeal's testimony obviously prejudiced and hurt his defense. He asserts that the proffered testimony of Houghton to impeach Brazeal as to truth and veracity was both relevant and material. He argues that the prosecutor's closing argument emphasized the importance of the jury's function in judging the credibility of witnesses including any bias or prejudice. The State contends this evidence was inadmissible, because it was immaterial and thus would

not have materially altered the case in Gibson's favor.

We hold that the trial court's refusal to reopen the evidence constituted reversible error.

Article 36.02, TEX.CODE CRIM.PROC. ANN. (Vernon 1981) states:

> The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice.

This statute has been liberally construed in favor of allowing either the State or the defendant to reopen the evidence and offer additional testimony. *Beck v. State*, 719 S.W.2d 205, 214 (Tex.Crim.App.1986), and authorities cited therein.

The Court of Criminal Appeals has held that the decision to reopen a case is left to the sound discretion of the trial judge. *Cain v. State*, 666 S.W.2d 109, 111 (Tex. Crim.App.1984) (en banc); *Scott v. State*, 597 S.W.2d 755, 757 (Tex.Crim.App. [Panel Op.] 1979); *Perry v. State*, 464 S.W.2d 660 (Tex.Crim.App.1971); *Davis v. State*, 463 S.W.2d 434 (Tex.Crim.App.1971). This discretion, however, is not unlimited. *Cain*, 666 S.W.2d at 111; *Holifield v. State*, 599 S.W.2d 836 (Tex.Crim.App. [Panel Op.] 1980); *Vital v. State*, 523 S.W.2d 662 (Tex. Crim.App.1975).

In *Vital*, the Court of Criminal Appeals stated:

> But irrespective of its weight, or of its probative value or cumulative character, or the issue upon which it is offered ... if the evidence was admissible and offered before the reading of the charge and prior to arguments, unless it appears its introduction would have impeded the trial or interfered with the due and orderly administration of justice, it will be reversible error to refuse the request to reopen for its receipt.

*Id.* at 664–65. This standard was likewise reaffirmed in *Cain, Holifield, Scott, and Tucker v. State*, 578 S.W.2d 409 (Tex.Crim. App. [Panel Op.] 1979).

A trial court must reopen a case when the following conditions are met:

1. the witness is present and ready to testify;

2. the request to reopen has been made before the charge was read to the jury and final arguments were made; and

3. the judge has some indication of what the testimony would be, and is satisfied that the testimony is material and bears directly on the main issues in the case.

M___ A___ B___ *v. State*, 718 S.W.2d 424, 425 (Tex.App.—Dallas 1986, no pet.); citing *Thomas v. State*, 681 S.W.2d 111, 113 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The Court of Criminal Appeals has held that it is not within the discretion of the court to exclude the testimony of witnesses present before the court has read the charge to the jury and prior to the time the arguments begin. *Meeks v. State*, 135 Tex.Crim. 170, 117 S.W.2d 454, 456 (1938); *Vital*, 523 S.W.2d at 664. Both these cases indicate that the important factor to consider when leave to reopen is sought under article 36.02 is not "whether the evidence was available or could have been secured at an earlier stage of the trial, but rather, whether it is available at the time the request to reopen is made." *Scott*, 597 S.W.2d at 757, citing *Vital v. State*.

We hold the trial court abused its discretion in overruling Gibson's motion to reopen. The witness, Margaret Houghton, was present and ready to testify; Gibson's request to reopen was made before the charge was read to the jury and final arguments were made; Gibson's motion to reopen stated specifically what testimony Houghton was expected to give and its importance to the main issues in the case; and there is no indication that reopening would have caused undue delay nor frustrated the due administration of justice. Thus, under the reasoning of *Vital*, it was reversible error to refuse the request to reopen.

Because we sustain Gibson's first point of error, we do not address his remaining points of error.

The judgment is reversed and the cause is remanded.