f:judge-ly\ratty\r97712








NUMBER 13-97-712-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


LOUIS ANAYA, Appellant,



v.




THE STATE OF TEXAS, Appellee.

____________________________________________________________________



On appeal from the 94th District Court of Nueces County, Texas.


____________________________________________________________________



O P I N I O N


Before Chief Justice Seerden and Justices Yañez and Chavez

Opinion by Justice Yañez


 A jury convicted appellant, Louis Anaya, of three counts of aggravated sexual assault (1) and assessed punishment for each
count at twenty years imprisonment and a fine of $5000. Appellant raises three points of error, arguing that the trial court
erred in refusing to reopen evidence, in failing to grant a mistrial because of testimony about extraneous acts, and in
denying permission to interview the victim. We affirm.

 The indictment alleges three counts of aggravated sexual assault, by three different means, all taking place on or about
February 10, 1996. The evidence at trial showed that sometime around February 10, 1996, appellant had sexual contact
with his adopted daughter, "D.A.," who was twelve years old at the time. The child told her mother, Venus Anderson,
about the incident sometime in February 1996. Anderson, who was married to the appellant at the time, reported the
incident to police and took the child to a hospital for a medical examination on February 24, 1996. The nurse examiner
who examined the child testified that she found injuries on the child consistent with sexual abuse.

 Appellant's medical expert testified that there could be many different causes for the victim's injuries, and that sexual
abuse was one of the potential causes. In his trial testimony, appellant denied sexually assaulting his daughter. 

 In point of error one, appellant argues that the trial court erred in denying his request to reopen evidence to present the
testimony of two witnesses, Judy La Fevre and Ramiro Vasquez, as to D.A.'s and Anderson's reputation for truth and
veracity.

 The record reflects that both sides rested and closed on the afternoon of September 3, 1997. The trial judge instructed the
parties to return the next morning for the reading of the charge and jury argument. The next morning, Thursday, September
4, 1997, La Fevre, an out of state witness whom appellant had been trying to locate, telephoned appellant's counsel. In
court, appellant's counsel asked the trial judge for a recess to produce witness La Fevre, and if she was produced, to reopen
the defense case to allow her to testify. Specifically, appellant's counsel asked: 

 So what we are asking the Court is for a recess to give us the opportunity to produce these--this witness, LaFever [sic], and
also asking if she is produced to reopen the Defense [sic] case so that they may testify before the--before we close.



(Emphasis added).

 Appellant's counsel told the trial judge that the earliest La Fevre could appear would be the following Monday morning. 
Appellant's counsel also advised the court that witness Vasquez had been available to testify the day before and he had
decided not to call him. Appellant's counsel never specifically asked to reopen the evidence for Vasquez's testimony, even
though he was available to testify that morning. After some discussion, appellant's counsel asked:

 So the Court has--is denying our motion for a recess to reopen to produce Ms. LaFever [sic] at this time?



(Emphasis added).

 The trial court denied the motion and informed appellant's counsel that if he produced a deposition that clearly impeached
Anderson, he would grant appellant a new trial based on newly discovered evidence. (2)

 Reviewing appellant's specific request to the trial court, we conclude that the motion was, first and foremost, a motion for
a continuance. Counsel stated that he was requesting a recess to produce the witness, and if the witness was produced, he
was requesting the reopening of the evidence. Thus, the motion to reopen the evidence was contingent on the recess. 
While appellant does not complain of the failure to grant a recess, we recognize that an oral, unsworn motion for
continuance does not preserve error. Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon 1989); Matamoros v. State,
901 S.W.2d 470, 478 (Tex. Crim. App. 1995); Mosley v. State, 960 S.W.2d 200, 206 (Tex. App.--Corpus Christi 1997, no
pet.). 

 As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made by
timely request, objection, or motion that stated the grounds for the ruling that the party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless the grounds are apparent from the context. Tex.
R. App. P. 33.1(a)(1). We conclude that appellant never specifically requested the trial judge to reopen the evidence on the
morning of September 4, 1997 for either Vasquez's or La Fevre's testimony, and therefore, he has not preserved error.

 Even if the complaint had been properly preserved, the decision to reopen a case is left to the discretion of the trial judge,
particularly when granting the motion to reopen may result in a delay. See Scott v. State, 597 S.W.2d 755, 757 (Tex. Crim.
App. 1979) (error to refuse to reopen case where witness present and no delay would have resulted had witness testified). 
The Texas Code of Criminal Procedure provides that:

The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that
it is necessary to a due administration of justice.



Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon 1981).



 This statute has been construed to mean that a trial judge commits reversible error when he refuses a request to reopen for
the purpose of admitting relevant and admissible evidence, regardless of its weight or the issue upon which it is offered, so
long as the request is timely and does not threaten to unduly impede the trial. Vital v. State, 523 S.W.2d 662, 664-65 (Tex.
Crim. App. 1975) (error to refuse to reopen a case under art. 36.02 when witness present and ready to testify); Phillips v.
State, 878 S.W.2d 617, 618 (Tex. App.--Corpus Christi 1994, no pet.) (trial court erred in denying motion to reopen where
opponent merely argued that delay would result from its need to find rebuttal witnesses). In Vital, the Court of Criminal
Appeals emphasized that the important factor, with respect to diligence, is not whether the evidence was available or could
have been secured at an earlier stage of the trial, but whether it is available at the time the request to reopen is made. Vital,
523 S.W.2d at 664.

 Assuming, for the sake of argument, that appellant had made a present request to reopen the evidence, witness La Fevre
was not available to testify. Counsel advised the judge on a Thursday morning that the earliest La Fevre could possibly be
available to testify was Monday morning. Granting such a request would have resulted in at least a two-day delay in the
trial. Under these circumstances, the trial judge did not abuse his discretion in denying appellant's motion. Point of error
number one is overruled.

 By his second point of error, appellant complains that the trial court erred in failing to grant a mistrial after an extraneous
offense was introduced by the State in violation of the motion in limine. The State argues that no error exists because the
same evidence was presented elsewhere during the trial without objection and because the uncharged acts were admissible
under article 38.37 of the Texas Code of Criminal Procedure. We agree. 

 At the pretrial hearing, the trial court ruled that the State could introduce extraneous offenses at the punishment phase, but
not the guilt/innocence phase of trial. During the guilt/innocence phase of trial, the prosecutor questioned Anderson, the
victim's mother, as to what her daughter told her in February of 1996. (3) Anderson replied that, "She told me that my
ex-husband--what she had told me when she was five, that my ex-husband had molested her." Defense counsel did not
object. Later in her testimony, the prosecutor again asked Anderson what D.A. told her. She replied, "[D.A.] told me
that--the things she told me when she was five years old were still going on." Defense counsel objected. The court
sustained the objection and instructed the jury to disregard. Defense counsel moved for a mistrial and the trial judge
overruled the motion. 

 The prosecutor later asked, "Did [D.A.] tell you anything else about what had happened? Did she tell you when--where
else did it happen?" The witness answered, "She said it happened numerous times. I could be asleep, I could be--" 
Defense counsel objected. The trial judge again sustained the objection, instructed the jury to disregard, and overruled
counsel's motion for mistrial. The State later introduced medical records indicating that the victim said the sexual abuse
occurred when her mother was "in the living room, at the store or going to work." Defense counsel initially objected to the
admission of the medical records, but ultimately stated he had "[n]o objection" to the records in the form in which they
were introduced. 

 Regardless of a favorable ruling on a motion in limine, to preserve error, a defendant must object on the proper grounds
when the evidence is offered at trial. Romo v. State, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979). Where the same
evidence complained of is presented elsewhere during trial without objection, no reversible error exists. Nenno v. State,
970 S.W.2d 549, 563 (Tex. Crim. App. 1998); McFarland v. State, 845 S.W.2d 824, 841 (Tex. Crim. App. 1992). The
record in this case shows that essentially the same evidence of which appellant complains was admitted into evidence at
other times during trial without objection, and therefore, appellant has failed to preserve error.

 Even if the error had been preserved, it appears that the "extraneous offense" evidence at issue was admissible. The
relevant statute provides, in pertinent part, that:

Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including:



(1) the state of mind of the defendant and the child; and



(2) the previous and subsequent relationship between the defendant and the child.



Tex. Code Crim. Proc. art. 38.37 (Vernon Pamph. 1999).

 The prosecutor in this case did not mention article 38.37 during the discussion of appellant's extraneous offenses; however,
she did advise the court during the pretrial hearing that she intended to introduce evidence, pursuant to article 38.37, of
other uncharged instances when appellant abused this victim. Point of error two is overruled.

 In his third point of error, appellant argues that the trial court erred in refusing to grant him permission to interview the
victim. Appellant filed a motion requesting a court order allowing him to interview and depose the victim. The trial judge
denied this motion. Appellant does not challenge the denial of the deposition on appeal. 

 The only authority cited by appellant are cases which generally discuss a lawyer's duty to investigate his client's case, and
to seek out and interview potential witnesses. Appellant cites no authority to support his contention that the trial court
abused its discretion in not ordering the victim to grant him an interview. Apparently appellant had access to other forms
of discovery, such as a videotaped interview with the victim conducted by the Children's Advocacy Center and reports from
the child's psychologist, to aid him in preparing to cross-examine the complaining witness. The trial court did not abuse its
discretion in denying appellant's motion to interview the victim. Point of error number three is overruled.

 The judgment of the trial court is AFFIRMED.





 ____________________________________

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 27th day of May, 1999.

1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 1999).

2. At the hearing on appellant's motion for new trial, La Fevre stated that the victim would occasionally lie about "[a] few
little things" like "all kids do. . . to protect themselves." She also testified that Anderson is the kind of person who would
have told her child to lie in order to retain custody of her and that Anderson's character for truthfulness was not good. La
Fevre testified that she left Texas in 1995. The offense for which appellant was convicted occurred in February of 1996. 
The trial judge denied the motion for new trial. Appellant does not complain of the denial of the motion for new trial on
appeal. 

3. D.A. testified earlier that her birthday was July 24, 1984, therefore, she would have been eleven years old in February
1996.