

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00178-CR

_____


CHARLES EDWARD TINDOL, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 37278-A


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Charles Edward Tindol stabbed Kenneth Gray several times in a bar restroom. Tindol appeals his conviction of aggravated assault and sentence of four years' imprisonment.[1] On the stand, Gray testified he had been slashed on his back from his "shoulder blade down around my armpit." The medical records show that the stab wounds were on the front of the body, not the back; the scar on Gray's back was the result of the surgery, not the stab wound itself. The State sought to reopen the evidence to call Dr. John Mack, Gray's treating surgeon, for the purpose of clarifying Gray's mistake. Tindol's sole argument is that the trial court erred in allowing the State to reopen the evidence. He complains that Mack's testimony "bolster[ed] the contradictory testimony of Kenny Gray and . . . reemphasize[d] the severe nature of his wounds." Because Tindol failed to preserve this issue for appeal, we affirm the trial court's judgment.

Points of error on appeal must correspond or comport with objections and arguments made at trial. *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id*.; *see* TEX. R. APP. P. 33.1; *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). As the State sought to reopen the evidence, the following transpired:

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

MR. HAASE [For the State]:  . . . . This morning I brought the victim back down and then brought Dr. Mack down here.   I didn't know what the outcome was going to be until just a minute ago when Dr. Mack actually looked at the scar that we're talking about and said whether or not that's a surgical scar or a knife wound. Just a minute ago he looked at the scar and said that, in fact, that is a thoracotomy scar, and he was present when the thoracotomy surgery was performed and can say not only that he operated on this patient but that, in fact, he recognizes that scar as a thoracotomy scar . . . .

MR. MOORE [For Tindol]:   Judge, we're going to object, one, because even with the testimony it doesn't clear it up. There's no matter -- even with Dr. Mack's testimony, the victim lied.   He did not get cut on the back.   The medical records show he didn't get cut on the back.   The shirt shows he didn't get cut on the back.
I didn't want to bring this up, but this is the closest to suborning perjury I've ever had in a trial.   When the victim tells them the day that he was going to testify that, "I got sliced on the back," and stands before the jury when all the evidence shows that it clearly didn't happen, and now they even have further proof from the doctor that it clearly didn't happen.   How is that going to clear anything up for the jury?   It can't clear anything up.

. . . .

THE COURT:   Wouldn't that further support your position that he lied on the stand?

MR. MOORE:   Sure.   That -- go ahead, you can put him up.   Judge, I mean, that's just -- that fact alone, it's just amazing to me that it's actually coming in.   That's all I've been thinking about that he would get up there and lie on there.

THE COURT:   Well, what I want to hear from you is your reason why the doctor shouldn't be allowed to testify.

MR. MOORE:   Because it doesn't -- it helps -- it does not help the jury at all.   It clears nothing up, Judge.

THE COURT:   All right.   I disagree.   I think it would clear a lot up.   So I'm going to allow the State to reopen on that issue.

3

At trial, Tindol argued that Mack's testimony would not be helpful to the jury, but on appeal, Tindol argues that Mack's testimony allowed the State to bolster Gray's testimony. Tindol did not suggest his argument of bolstering to the trial court, perhaps because the assertion is contrary to the record. In fact, Mack's testimony contradicted Gray's assertion that he was stabbed in the back by Tindol. Although Tindol also argues that Mack's testimony should have been excluded because it re-emphasized the nature of Gray's injuries, such objection or argument was not made to the trial court.[2] Thus, it was not preserved.

Even if the objection had been properly preserved on the issue, we would find the trial court acted within its discretion. "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02 (Vernon 2007). This statute has been construed in favor of allowing the State or the defendant to reopen the evidence. *Fuller v. State*, 737 S.W.2d 113, 114 (Tex. App.—Tyler 1987, no pet.). The trial court's discretion to allow reopening of the evidence is as broad as the phrase "necessary to a due administration of justice." *Id*. Here, a witness had either mistakenly or deliberately testified that his back was cut in this assault, causing a large scar across his back. The evidence admitted by the physician established that the back incision was due to the surgery and was not directly caused by the wound Gray received. This evidence was not necessarily helpful to the State, as it showed a State's witness'

_____

[2]Tindol did not object during Mack's testimony, which was focused only on the surgery scar on Gray's back.

4

testimony was incorrect. Regardless of whether the evidence weighed for or against the State, the trial court had the discretion to allow the introduction of this evidence as "necessary to a due administration of justice."

Because we find that Tindol's objection below does not comport with the argument on appeal, we find that Tindol has failed to preserve his sole complaint for our review. It is overruled.

We affirm the trial court's judgment.

<div style="margin-left: 40%;">

Jack Carter
Justice

</div>

Date Submitted:  April 19, 2011
Date Decided:   April 20, 2011

Do Not Publish

5