In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00178-CR

                                                ______________________________

 

 

                                 CHARLES EDWARD TINDOL,
Appellant

 

                                                                V.

 

                                       THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 188th Judicial District Court

                                                              Gregg County, Texas

                                                           Trial
Court No. 37278-A

 

                                                        
                                          

 

 

 

                                           Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                Memorandum Opinion by
Justice Carter








                                                      MEMORANDUM 
OPINION

 

            Charles
Edward Tindol stabbed Kenneth Gray several times in a bar restroom.  Tindol appeals his conviction of aggravated
assault and sentence of four years’ imprisonment.[1]  On the stand, Gray testified he had been
slashed on his back from his “shoulder blade down around my armpit.”  The medical records show that the stab wounds
were on the front of the body, not the back; the scar on Gray’s back was the
result of the surgery, not the stab wound itself.  The State sought to reopen the evidence to
call Dr. John Mack, Gray’s treating surgeon, for the purpose of clarifying
Gray’s mistake.  Tindol’s sole argument
is that the trial court erred in allowing the State to reopen the
evidence.  He complains that Mack’s
testimony “bolster[ed] the contradictory testimony of Kenny Gray and . . . reemphasize[d]
the severe nature of his wounds.” 
Because Tindol failed to preserve this issue for appeal, we affirm the
trial court’s judgment.  

            Points
of error on appeal must correspond or comport with objections and arguments
made at trial.  Wright v. State, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet.
ref’d) (citing Dixon v. State, 2
S.W.3d 263, 273 (Tex. Crim. App. 1998)). 
“Where a trial objection does not comport with the issue raised on
appeal, the appellant has preserved nothing for review.”  Id.;
see Tex.
R. App. P. 33.1; Ibarra v. State,
11 S.W.3d 189, 197 (Tex. Crim. App. 1999). 
As the State sought to reopen the evidence, the following transpired: 

            MR.
HAASE [For the State]:  . . . . This
morning I brought the victim back down and then brought Dr. Mack down
here.  I didn’t know what the outcome was
going to be until just a minute ago when Dr. Mack actually looked at the scar
that we’re talking about and said whether or not that’s a surgical scar or a
knife wound.  Just a minute ago he looked
at the scar and said that, in fact, that is a thoracotomy scar, and he was
present when the thoracotomy surgery was performed and can say not only that he
operated on this patient but that, in fact, he recognizes that scar as a
thoracotomy scar . . . .

 

            MR.
MOORE [For Tindol]:  Judge, we’re going
to object, one, because even with the testimony it doesn’t clear it up. There’s
no matter -- even with Dr. Mack’s testimony, the victim lied.  He did not get cut on the back.  The medical records show he didn’t get cut on
the back.  The shirt shows he didn’t get
cut on the back.  

            I
didn’t want to bring this up, but this is the closest to suborning perjury I’ve
ever had in a trial.  When the victim
tells them the day that he was going to testify that, “I got sliced on the
back,” and stands before the jury when all the evidence shows that it clearly
didn’t happen, and now they even have further proof from the doctor that it
clearly didn’t happen.  How is that going
to clear anything up for the jury?  It
can’t clear anything up.

 

            .
. . .

 

            THE
COURT:  Wouldn’t that further support
your position that he lied on the stand?

 

            MR.
MOORE:  Sure.  That -- go ahead, you can put him up.  Judge, I mean, that’s just -- that fact
alone, it’s just amazing to me that it’s actually coming in.  That’s all I’ve been thinking about that he
would get up there and lie on there.  

 

            THE
COURT:  Well, what I want to hear from
you is your reason why the doctor shouldn’t be allowed to testify.  

 

            MR.
MOORE:  Because it doesn’t -- it helps --
it does not help the jury at all.  It
clears nothing up, Judge.  

 

            THE
COURT:  All right.  I disagree. 
I think it would clear a lot up. 
So I’m going to allow the State to reopen on that issue.  

 

At trial, Tindol argued that
Mack’s testimony would not be helpful to the jury, but on appeal, Tindol argues
that Mack’s testimony allowed the State to bolster Gray’s testimony.  Tindol did not suggest his argument of
bolstering to the trial court, perhaps because the assertion is contrary to the
record.  In fact, Mack’s testimony
contradicted Gray’s assertion that he was stabbed in the back by Tindol.  Although Tindol also argues that Mack’s
testimony should have been excluded because it re-emphasized the nature of
Gray’s injuries, such objection or argument was not made to the trial court.[2]  Thus, it was not preserved. 

            Even
if the objection had been properly preserved on the issue, we would find the
trial court acted within its discretion. 
“The court shall allow testimony to be introduced at any time before the
argument of a cause is concluded, if it appears that it is necessary to a due
administration of justice.”  Tex. Code Crim. Proc. Ann. art. 36.02
(Vernon 2007).  This statute has been
construed in favor of allowing the State or the defendant to reopen the
evidence.  Fuller v. State, 737 S.W.2d 113, 114 (Tex. App.—Tyler 1987, no pet.).  The trial court’s discretion to allow
reopening of the evidence is as broad as the phrase “necessary to a due
administration of justice.”  Id. 
Here, a witness had either mistakenly or deliberately testified that his
back was cut in this assault, causing a large scar across his back.  The evidence admitted by the physician
established that the back incision was due to the surgery and was not directly
caused by the wound Gray received.  This
evidence was not necessarily helpful to the State, as it showed a State’s
witness’ testimony was incorrect. 
Regardless of whether the evidence weighed for or against the State, the
trial court had the discretion to allow the introduction of this evidence as
“necessary to a due administration of justice.” 


            Because
we find that Tindol’s objection below does not comport with the argument on
appeal, we find that Tindol has failed to preserve his sole complaint for our
review.  It is overruled. 

            We
affirm the trial court’s judgment. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:            April
19, 2011

Date Decided:              April
20, 2011

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.





[2]Tindol
did not object during Mack’s testimony, which was focused only on the surgery
scar on Gray’s back.