**Opinion issued December 30, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-14-00153-CR**

———————————

**DONALD RAY HASKETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1369332**

---

## MEMORANDUM OPINION

On December 7, 2012, Donald Ray Haskett pleaded guilty to assaulting a

family member, a third-degree felony,[1] and was placed on deferred adjudication

---

[1]   TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.01(b)(2)(B) (West Supp. 2014).

community supervision for two years. After a hearing on the State's motion to adjudicate guilt, the trial court found the allegations in the motion to be true, adjudicated Haskett guilty of the underlying offense, and assessed his punishment at three years' confinement in TDCJ. In a single point of error, Haskett contends that the trial court erred in allowing the State to reopen the case during the adjudication hearing.

We affirm the trial court's judgment.

## Background

During the adjudication hearing, the State presented two witnesses who testified that Haskett violated eleven conditions of his community supervision, as alleged in the State's motion to adjudicate—Haskett's community supervision officer and a police officer who testified that he found marijuana in Haskett's pocket during a recent traffic stop. Following the presentation of these two witnesses, the State rested. Haskett then moved for a directed verdict of "not true" on the grounds that the State had failed to prove that he was the individual placed on community supervision on December 7, 2012. *See Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc) ("The State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of probation, and that the individual violated a term of probation as alleged in the motion to revoke."). Over Haskett's objection, the trial court allowed the State

to reopen the evidence and present testimony from the community supervision officer and two additional witnesses, identifying Haskett as the person reflected in the December 7, 2012 judgment and order of deferred adjudication.

**Discussion**

In a single point of error, Haskett contends that the trial court erred in allowing the State to reopen the evidence after the State had rested its case-in-chief because two of the State's witnesses were not "present and ready to testify" when the State moved to reopen.

Article 36.02 of the Texas Code of Criminal Procedure, which governs a party's right to reopen a case, requires trial courts to "allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02 (West 2007); *see also Peek v. State*, 106 S.W.3d 72, 75 (Tex. Crim. App. 2003). A "due administration of justice" means the trial court should reopen the case if the proffered evidence would materially change the case in the proponent's favor. *See Peek*, 106 S.W.3d at 79. Such evidence cannot be cumulative and "must actually make a difference in the case." *Id.* We review a trial court's decision on a motion to reopen for abuse of discretion. *See Peek*, 106 S.W.3d at 79; *Smith v. State*, 290 S.W.3d 368, 373 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (applying article 36.02 to State's request to reopen evidence in adjudication

hearing). A trial court's decision to reopen is discretionary even when the motion to reopen was responsive to defendant's motion for directed verdict. *Ahmad v. State*, 295 S.W.3d 731, 747 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Wall v. State*, 878 S.W.2d 686, 690 (Tex. App.—Corpus Christi 1994, pet. ref'd)).

Relying upon *Thomas v. State*, 681 S.W.2d 111, 113 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd), Haskett argues that the trial court's granting of the State's motion to reopen was error because two of the witness were not "present and ready to testify." Haskett's reliance upon *Thomas*, however, is misplaced. The factors identified in *Thomas*, including the requirement that the witnesses be "present and ready to testify," are only applicable when examining whether a trial court erred in *denying* a motion to reopen and determining whether a trial court *must* reopen a case. *See id.* (stating trial court's discretion to reopen evidence is not unlimited and setting forth circumstances under which trial court's refusal to reopen constitutes abuse of discretion).

Here, the record shows that the State's request to reopen the evidence came before closing arguments, and, as Haskett concedes, the evidence materially changed the case in the State's favor by showing that Haskett was the same person placed on community supervision on December 7, 2012. *See Peek*, 106 S.W.3d at 79. Under these circumstances, we hold that the trial court did not abuse its discretion in reopening the evidence. *See id.*; *Smith*, 290 S.W.3d at 373.

4

We overrule Haskett's sole point of error.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).