Harvey Lee HOLIFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 60299.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 18, 1980.

Tom Mills, Jr. and Vincent W. Perini, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky, Rider Scott and Norman Kinne, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, DAVIS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of murder; the punishment was assessed at imprisonment for thirty-eight years.

The appellant contends, in his second ground of error, that the trial court erred in refusing to reopen the case after both sides closed so that appellant could testify in his own behalf. For reasons which will be stated, we agree with this contention. Our disposition of the case on this ground makes it unnecessary to consider appellant's other contentions.

Appellant did not testify, but relied on the testimony of others to raise the issue of self-defense. However, the trial court did not find that the evidence raised the issue of self-defense, and therefore refused to instruct the jury on the issue. The appellant then moved to reopen the case in order to present his testimony, which he argued would raise the defense and entitle him to the instruction. The State argued without offering supporting evidence that undue delay would result if the case were reopened because all of its rebuttal witnesses had been dismissed. The trial court overruled the appellant's motion to reopen on the basis of these arguments, and for the addi-

tional reason that the charge to the jury had already been prepared.

 Appellant was permitted to testify for his bill of exceptions. Appellant testified that when he fired at the deceased, he believed his conduct was necessary to protect himself from the deceased's use of deadly force. With this testimony included the evidence was sufficient to raise the issue of self-defense under Art. 9.32, V.A. P.C., and would have entitled appellant to a charge on self-defense. In determining whether the charge should be given, the credibility of the witnesses or whether the evidence is controverted or conflicts with other evidence in the case may not be considered. *Warren v. State*, 565 S.W.2d 931 (Tex.Cr.App. 1978); *Gavia v. State*, 488 S.W.2d 420 (Tex.Cr.App. 1972).

Art. 36.02, V.A.C.C.P., provides:

"The Court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

Although the decision whether to reopen is left to the sound discretion of the trial court, *Perry v. State*, 464 S.W.2d 660 (Tex. Cr.App. 1971); *Davis v. State*, 463 S.W.2d 434 (Tex.Cr.App. 1971), as we have recently emphasized in *Scott v. State*, 597 S.W.2d 755 (Tex.Cr.App. 1979), this discretion is not unlimited. This Court stated in *Vital v. State*, 523 S.W.2d 662 (Tex.Cr.App. 1975):

"But irrespective of its weight, or of its probative value or cumulative character, or the issue upon which it is offered, . . . if the evidence was admissible and offered before the reading of the charge and prior to arguments, unless it appears its introduction would have impeded the trial or interfered with the due and orderly administration of justice, it will be reversible error to refuse the request to reopen for its receipt."

This standard was reaffirmed in *Tucker v. State*, 578 S.W.2d 409 (Tex.Cr.App. 1979), and in *Scott v. State*, supra.

In the present case, the evidence appellant wished to present was clearly admissible, supported his defense, and was offered before the reading of the charge and the final jury arguments. The State argues in its brief that the trial had already lasted a week, and that to reopen the case would have resulted in at least a two day continuance "just so the State could reassemble its witnesses, if it could." However, the State's contention is not supported in the record *by testimony* that the rebuttal witnesses were actually unavailable. Although the State offered argument, no evidence was offered which would support the conclusion that allowing appellant to reopen would impede the trial. Although the State is entitled to offer evidence to qualify an informal bill of exceptions, it did not do so.

In *Wilkinson v. State*, 423 S.W.2d 311 (Tex.Cr.App. 1968), this Court found no abuse of discretion when the trial court refused the defendant's motion to reopen, in order to rebut evidence given by a psychiatrist on insanity. In *Wilkinson*, unlike the present case, there was proof that the psychiatrist had been excused and was not then available in court to testify.

However, in *Meeks v. State*, 135 Tex. Cr.R. 170, 117 S.W.2d 454 (1938), this Court found the trial court had abused its discretion in refusing to reopen to admit defense testimony pertaining to the issue of self-defense. The Court noted that although the trial court stated that in his opinion the admission of the testimony would unduly prolong the trial, no facts or circumstances appeared to show the introduction of the testimony would have resulted in a postponement, impeded the trial, or interfered in any way with the due and orderly administration of justice. The Court also found that the proffered testimony would not have been cumulative, and that, since it was offered on a closely contested issue, "it cannot be said that the excluded testimony would not probably have turned the scales in appellant's favor." 117 S.W.2d at 457.

In *Vital v. State*, supra, we found an abuse of discretion when the trial court refused to reopen before the charge was read and final arguments made in order to offer testimony regarding writings on the

back of a photograph which had been offered to support appellant's defensive theory. The Court noted that the proffered evidence had a direct bearing on the appellant's defensive theory. It found the principles articulated in *Meeks v. State,* supra, and in *Kepley v. State,* 391 S.W.2d 423 (Tex.Cr.App. 1965), which relied on *Meeks,* to be controlling.

In *Scott v. State,* supra, we adhered to the principles set out in *Meeks, Kepley,* and *Vital,* in finding the trial court had abused its discretion when it had granted a motion to reopen to admit alibi testimony, but, when the witness was late, continued with the reading of the charge and the final arguments, and overruled the defendant's subsequent motions to reopen once his alibi witness arrived. On rehearing, the State in *Scott* excepted to the statement in the panel opinion that since the witness was present before completion of the argument, no delay would have resulted in reopening to allow her to testify. The State contended that delay would have resulted because the charge would have had to be revised to include an "alibi" instruction, and the State would have had to locate rebuttal witnesses. In our opinion on rehearing, we stated there was no evidence showing delay would not have resulted, but we noted that "neither was there any evidence in the record to show that the introduction of evidence would have impeded the trial or interfered with the due and orderly administration of justice," and we upheld the panel opinion. *Scott v. State,* supra, 597 S.W.2d at 760.

It is also instructive to note that this Court has frequently found no abuse of discretion when the trial court has allowed the State to reopen to present additional testimony. E. g., *Perry v. State,* supra; *Holcomb v. State,* 523 S.W.2d 661 (Tex.Cr. App. 1975); *Boatright v. State,* 472 S.W.2d 765 (Tex.Cr.App. 1971); *Riley v. State,* 399 S.W.2d 805 (Tex.Cr.App. 1966); *Smith v. State,* 168 Tex.Cr.R. 543, 330 S.W.2d 196 (1959).

In light of the cases discussed above, we conclude that the trial court abused its discretion in this case in overruling appellant's motion to reopen. The motion was made before the charge was read or final arguments were made; the appellant was present and ready to testify; the proffered testimony concerned the closely-contested issue of self-defense; and there was no evidence offered that reopening would have caused an undue delay in the trial. The prior preparation of the charge should not have been a factor in the trial court's ruling. The motion to reopen should have been granted. *Scott v. State,* supra; *Vital v. State,* supra; *Meeks v. State,* supra; *Steadham v. State,* 119 Tex.Cr.R. 475, 43 S.W.2d 944 (1931); *Roberts v. State,* 97 Tex.Cr.R. 288, 260 S.W. 875 (1924). Cf. *Tucker v. State,* 578 S.W.2d 409 (Tex.Cr. App. 1979); *Adams v. State,* 154 Tex.Cr.R. 92, 221 S.W.2d 264 (1949).

The judgment is reversed and the cause remanded.