**Brad Alan WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–067–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 10, 1993.

Discretionary Review Denied
Oct. 20, 1993.

Mark Alexander, McAllen, for appellant.

Rene Guerra, Dist. and County Atty., Theodore C. Hake, Cynthia A. Morales, Asst. Crim. Dist. Attys., Edinburg, for the State.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of burglary of a vehicle, and pursuant to an enhancement count, sentenced him to twenty years in the Institutional Division of the Texas Department of Justice and a $2,500 fine. By seven points of error, appellant challenges the jury's findings. We affirm.

At 1:30 a.m. on April 10, 1991, the Weslaco Police were dispatched to an apartment complex where a resident reported a possible burglary of a vehicle. The resident, Samantha De Pino, testified that she heard a loud noise, looked out her second-floor window, and saw a man wearing a light blue shirt and dark blue pants going from car to car trying to open the doors. While waiting for the police, De Pino saw the man get into a Mazda truck which she knew belonged to her neighbor, then walk away with a "stereo." De Pino also testified that she did not see anyone else in the parking lot at that time.

Officer Jesus Vasquez testified that after he and Officer Robert De La Cerda arrived at the apartment complex, he saw a man sitting in the driver's side of a truck, stooped over as if he were looking for something. Because he had turned off his police radio to conceal his presence at the scene, Officer Vasquez had not heard the description given by De Pino of the clothing worn by the suspect. As Officer Vasquez approached, a man he identified as appellant, Brad Allen Wilson, exited the truck. Appellant told Officer Vasquez that he had just arrived and, pointing upstairs, said that he lived in apartment 810. Officer Vasquez smelled liquor on appellant's breath, formed the opinion that appellant was intoxicated, and told appellant to go home.

Officer Vasquez testified that appellant began walking in the opposite direction from where he had indicated that he lived, and that appellant kept looking back to see what the officer was doing. Officer Vasquez realized that the apartment complex did not include an apartment 810, then looked in the truck and noticed the stereo missing and a speaker laying on the floorboard. He apprehended appellant and requested some identification, to which appellant responded in a "sarcastic" tone of voice that he did not have any. Officer Vasquez then arrested appellant for public intoxication. After handcuffing appellant, Officer Vasquez patted him down and discovered a ratchet wrench, which Vasquez explained was a mechanical tool used to remove nuts and bolts from automobiles. A license check revealed that the truck did not belong to appellant.

Officer Robert Moreno testified that he went to the apartment complex in response to the call about a possible burglary of a

vehicle. After he arrived, a witness from a balcony said, "That's the guy, the one the officers have." He checked the vehicles in the immediate area and found a Mitsubishi, which belonged to appellant, with a car stereo on the seat. Photographs depicting a stereo, speaker and cologne sitting on the seat of the Mitsubishi were introduced into evidence without objection.

Rufino Ramos, the owner of the Mazda truck, testified that his stereo, a speaker, and some cologne had been taken from the truck, and that he had not given anyone, including appellant, permission to enter his vehicle.

In his first point of error, appellant asserts that the trial court erred in denying his motion to suppress the car stereo, speaker, and some cologne taken from appellant's car without a warrant, and in admitting into evidence photographs of those same items in appellant's car. However, although two photographs of the items sitting in appellant's car were admitted into evidence without objection, the State never introduced the stereo, speaker, and cologne into evidence.

 When a pretrial motion to suppress evidence is overruled, a defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State,* 701 S.W.2d 902, 904 (Tex.Crim.App.1986); TEX.CODE CRIM.PROC.ANN. art. 40.09(6)(d)(3) (Vernon 1979). However, if a defendant affirmatively asserts during trial that he has "no objection" to the admission of the evidence, he waives any error caused by its admission, despite the pretrial ruling. *Moraguez,* 701 S.W.2d at 904.

 At trial, when the two photographs were offered into evidence, the record reveals the following:

> MR. MALDONADO (defense counsel): Are you offering [the photographs] into evidence?
>
> MR. GONZALEZ (district attorney): Yes.
>
> MR. MALDONADO: Okay. No objections.

In view of Mr. Maldonado's express statement, nothing is presented for review under the claim that evidence was seized as a result of an illegal search or seizure. *Id.* Appellant's first point of error is overruled.

 In his second point of error, appellant complains that the trial court erred when it admitted oral statements made by appellant to officers at the time of his arrest. Specifically, appellant complains of the following testimony:

> Q: I'm reading here your offense report. Officer, do you recall, through your conversations with this man right here, the Defendant, whether he was being truthful with you or not? Do you recall?
>
> A: He kept telling us that why did we suckers arrest him if he lived there.
>
> Q: Did he give you information that was contradictory?
>
> A: Yes, sir.
>
> \* \* \* \* \* \*
>
> [objection]
>
> \* \* \* \* \* \*
>
> Q: Did he give you any information that you possibly could have elicited that may have been—that he could have changed his mind and kept telling you different things? Do you recall?
>
> A: He kept changing his name. He would tell me his name was Bill and then Brad and then that he lived there and then that he had a friend there. He kept cursing the whole time.
>
> Q: All right. What about dates of birth. Did he give you his date of birth?
>
> A: He gave me about four of them, sir.
>
> Q: Okay. What was his attitude?
>
> A: Cocky, arrogant.
>
> Q: Did he laugh at any point in time?
>
> A: All the time, during the whole time.

Appellant cites no law to support this point of error on appeal. However, because he cites *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in his written motion to suppress, we presume that on appeal he challenges the admissibility of the oral statements on the same grounds.

At trial, defense counsel objected as follows to the admissibility of the oral statements:

MR. MALDONADO: I'm going to object to any other evidence coming in. We filed a Motion, Judge.

THE COURT: The one we had this morning?

MR. MALDONADO: Yes, sir.

THE COURT: It's overruled.

Thus, appellant's objection at trial to the admissibility of the oral statements did not specify the grounds for the objection, and only referred to the motion to suppress. Accordingly, we must look to the written motion to suppress and the pretrial hearing to determine whether appellant appropriately preserved error for appellate review.

The record indicates that appellant's written pretrial motion sought to suppress "all statements, whether written or verbal." However, the pertinent evidence introduced during the pretrial hearing related to the admissibility of appellant's written statement, and not to appellant's oral statements. Thus, it appears that the issue presented to the trial judge was limited to the admissibility of appellant's written statement. Moreover, when the trial judge denied appellant's motion to suppress, he stated, "I'm going to deny the motion to suppress *the statement* and the evidence," indicating that the ruling made by the trial judge related only to the admissibility of appellant's written statement, and not to the oral statements.

A motion to suppress evidence is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State,* 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App. 1981). Thus, whether a motion to suppress evidence properly preserves error for appeal is determined by TEX.R.APP.P. 52(a), which requires the objecting party to state the specific grounds for the objection and obtain a ruling from the trial judge. It is true that, once a written motion to suppress is filed, the State has a heavy burden under *Miranda* to prove the admissibility of a challenged statement. *Lovell v. State,* 525 S.W.2d 511, 513 (Tex.Crim.App.1975) (citing *Miranda,* 384 U.S. at 475, 86 S.Ct.

at 1628). However, if a complaining party fails to obtain a ruling, then error is not preserved for appellate review. TEX. R.APP.P. 52(a).

Because the issue presented to the trial court at the motion to suppress hearing was limited to the voluntariness of appellant's written statement, and did not encompass the admissibility of the oral statements made by appellant to officers at the time of his arrest, the trial judge's denial of appellant's motion to suppress was apparently a ruling limited to the admissibility of the written statement. The record reflects that appellant did not obtain a ruling on the admissibility of the oral statements during the pretrial hearing. Therefore, since appellant relied on his motion to suppress to perfect his trial objection, he did not obtain a ruling on the admissibility of the oral statements at trial. Accordingly, appellant has failed to preserve for appellate review any error relating to the admissibility of the oral statements. TEX.R.APP.P. 52(a).

■ Even when error is preserved, *Miranda* safeguards do not attach unless a statement is made by a person in custody and in response to either an express question or its functional equivalent. *Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980); *Jones v. State,* 795 S.W.2d 171, 174–75 (Tex.Crim. App.1990). Questioning "normally attendant to arrest and custody" is not interrogation. *Innis,* 446 U.S. at 301, 100 S.Ct. at 1689; *McCambridge v. State,* 712 S.W.2d 499, 505 (Tex.Crim.App.1986). Questions incident to booking are outside the constitutional definition of "interrogation." *Pennsylvania v. Muniz,* 496 U.S. 582, 600, 110 S.Ct. 2638, 2650, 110 L.Ed.2d 528 (1990); *Jones,* 795 S.W.2d at 174, n. 3.

If appellant had preserved error for appellate review, an analysis of the merits of appellant's second point of error illustrates that the trial judge did not err in admitting the oral statements, because the statements made by appellant which were introduced at trial do not fall within the protective scope of *Miranda.* The statements in which appellant gave his name and date of birth are routine booking questions which

are outside the constitutional definition of "interrogation." *Innis*, 446 U.S. at 301, 100 S.Ct. at 1689; *Jones*, 795 S.W.2d at 174, n. 3; *McCambridge*, 712 S.W.2d at 505. And, appellant's inquiry into why the officers were arresting him was not made in response to an express question or its functional equivalent. *Innis*, 446 U.S. at 300, 100 S.Ct. at 1689; *Jones*, 795 S.W.2d at 174–75. Appellant's second point of error is overruled.

Appellant contends in his third point of error that the trial court erred in overruling his motion in limine to prevent the prosecutor, during closing argument, from commenting on the color of appellant's clothing worn at trial. Defense counsel did not object at trial to any such alleged comments made by the prosecutor.

Neither the granting nor denial of a motion in limine is sufficient to preserve error for appellate review. *Webb v. State*, 760 S.W.2d 263, 275 (Tex.Crim.App.1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989); *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App.1979); Tex. R.App.P. 52(a). Instead, error is properly preserved by objecting at the time the evidence is offered at trial before the trier of fact. *Id.* Thus, any error was waived. Tex.R.App.P. 52(a). Moreover, the record reveals that the prosecutor merely summarized several eye-witnesses' testimony regarding the clothing appellant wore at the scene of the crime, and never commented on the clothing appellant wore at trial. Thus, the prosecutor properly summarized facts already in evidence. *Long v. State*, 823 S.W.2d 259, 267 (Tex.Crim.App.1991). Appellant's third point of error is overruled.

In his fourth point of error, appellant argues that the trial judge erred by commenting in the jury's presence on the credibility of Luis Alberto Saenz, appellant's probation officer and a State witness. Appellant complains that, in violation of Tex.

CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979),[1] the judge commented on the weight of the evidence in the following transaction:

Q: (defense counsel) Yes. I'm asking you that based on the Judgement that you have there, if the case was appealed, later on after you left the probation department there was an appeal and an appeal was pending at this time—

MR. GONZALEZ (prosecutor): Your Honor, I'm going to object to that question. I don't think he—I don't think, as a lawyer, he can certify it's not true, as to the legal process of a document and how he's entitled to—I just don't think he's qualified to answer it.

THE COURT: It's overruled. You can answer, if you know.

Q: (defense counsel) What I'm asking—

THE COURT: He knows more than you and I put together, probably.

MR. GONZALEZ: I beg your pardon?

THE COURT: He knows more than most of us put together.

For such a comment to constitute reversible error it must be reasonably calculated to help the State or prejudice the Appellant. *Varela v. State*, 561 S.W.2d 186, 192 (Tex.Crim.App.1988). However, the complaining party is also required to object and obtain a ruling to preserve error for appellate review. TEX.R.APP.P. 52(a). If no objection is made to an allegedly improper comment by the court, nothing is presented for appellate review. *Varela*, 561 S.W.2d at 192. Because appellant failed to object to the trial judge's comment, he has failed to preserve any error that may have been caused by the trial judge's comment. TEX. R.APP.P. 52(a); *Varela*, 561 S.W.2d at 192. Appellant's fourth point of error is overruled.

In his fifth point of error, appellant complains that the trial court erroneously per-

1. TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979) provides:
 In ruling on the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

mitted the introduction of reputation testimony which was based on appellant's conviction for the current offense. The testimony was given by Saenz, appellant's probation officer, and concerned his opinion of whether appellant was a law abiding and peaceful citizen. First, on direct examination by the state, Saenz testified that his opinion of appellant would be "bad." The trial court overruled defense counsel's objection. Then on cross-examination, defense counsel clarified that Saenz' opinion was based on his supervision of appellant, which ended more than three years prior to his conviction for the current offense. Thus, the first opinion given by Saenz was not based on appellant's current conviction. However, on re-direct, Saenz testified that, considering appellant's most recent conviction for burglary of a vehicle, his opinion of appellant was "bad." Defense counsel did not object to this latter testimony.

At the punishment phase of a trial, the reputation of a defendant is an issue and the State is entitled to introduce such evidence. TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1993); *Hoffert v. State*, 623 S.W.2d 141, 147 (Tex. Crim.App.1981). Opinion testimony is also admissible at the punishment phase of a trial as a form of character evidence. TEX. CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1993); *Hedicke v. State*, 779 S.W.2d 837, 842 (Tex.Crim.App.1989), *cert. denied*, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 836 (1989). A witness must have been familiar with the reputation, or with the underlying facts or information upon which the opinion is based, prior to the date of the offense. TEX.R.CRIM.EVID. 405(a). If the record reveals that the trial court erred in admitting the reputation or opinion evidence, the judgment shall be reversed unless the reviewing court determines beyond a reasonable doubt that the error made no contribution to the punishment. TEX. R.APP.P. 81(b)(2).

Saenz gave his opinion of appellant's character during direct examination and re-direct examination. The trial court did not err in overruling appellant's objection to Saenz' testimony during direct examination because opinion and reputation testimony were admissible in the punishment phase of trial. TEX.CODE CRIM.PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1993); *Hedicke*, 779 S.W.2d at 842; *Hoffert*, 623 S.W.2d at 147. Moreover, Saenz' opinion given during direct examination was not based on appellant's conviction for the current offense. TEX.R.CRIM.EVID. 405(a). We need not determine under TEX.R.CRIM.EVID. 405(a) whether the prosecutor, during re-direct examination, appropriately elicited opinion testimony from Saenz based on appellant's current conviction because appellant failed to object during re-direct examination and, accordingly, error was not preserved for appellate review. TEX.R.APP.P. 52(a). Furthermore, any error that occurred would be harmless error because Saenz had already testified during direct examination that appellant's reputation for being a law abiding and peaceful citizen was "bad." TEX.R.APP.P. 81(b)(2). Appellant's fifth point of error is overruled.

In his sixth point of error, appellant contends that, because the State failed to prove that the prior conviction in the enhancement count was final before the commission of the primary offense, the trial court erred in overruling his motion for instructed verdict on the enhancement count. Punishment may be enhanced if, upon conviction for a third-degree felony, it is shown that the defendant had been once before convicted of any felony. TEX.PENAL CODE ANN. § 12.42(a) (Vernon 1974). The State must show that the defendant had a final conviction on the prior felony before the date of the commission of the third-degree felony. *See Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex.Crim.App.1978). When a defendant has been sentenced to probation in the prior felony, the State must show that the probation was revoked in order to prove a final conviction for the prior felony. *Elder v. State*, 677 S.W.2d 538, 539 (Tex.Crim.App.1984); *Murchison*, 560 S.W.2d at 656. Once the State proves a prior conviction, if the record does not indicate that the defendant sought appeal of that conviction, the appellate court is entitled to presume that the conviction was

final. *Johnson v. State*, 784 S.W.2d 413, 414 (Tex.Crim.App.1990).

██ Appellant's indictment stated that appellant committed the offense "on or about" April 10, 1991. Thus, to invoke the enhancement provision of the Penal Code, the State was required to prove that appellant had a final conviction for his prior felony before April 10, 1991. By way of documentation and testimony, the State showed that appellant's probation was revoked May 31, 1988. The record does not indicate whether appellant appealed the revocation of probation for the prior felony. Thus, the State is entitled to the presumption that appellant's conviction for the prior felony was final on May 31, 1988. *Johnson*, 784 S.W.2d at 414. We find that appellant's prior conviction was final before his commission of the offense of burglary of a vehicle on April 10, 1991. Tex.Penal Code Ann., § 12.42(a); *Murchison*, 560 S.W.2d at 656. Appellant's sixth point of error is overruled.

In his final point of error, appellant argues that the trial court erred in allowing the State to reopen the evidence. The following discussion occurred outside the presence of the jury with respect to granting appellant's motion for instructed verdict on the enhancement count, and with respect to the subsequent reopening of the evidence:

MR. MALDONADO: Yes, Judge. At this time, we ask the Court to instruct a directed verdict on the enhancement paragraph because the State has wholly, in essence, failed to prove it's the same Defendant in the same offense in which he was revoked—or placed on probation and later revoked.

\* \* \* \* \* \*

MR. MALDONADO: Judge, our position is that it is insufficient evidence and that the Court should direct a verdict in that enhancement. The prosecutor had

all the chance to ask the witnesses and they're banking on these documents for the jury to look at. And, of course, over our strenuous objection under that second Judgment revoking probation.

THE COURT: *I'm going to grant the request*[2] to instruct a verdict of not true as to the repeater paragraph, based on lack of proof to that element, Ms. Lopez?

MS. LOPEZ: On which element, Your Honor?

THE COURT: The one that I asked about.

MS. LOPEZ: Your Honor, are you saying that the evidence as far as that documentation, the certified copies that have indicated the date is not sufficient?

THE COURT: Well, show me case law that it's enough and—

MS. LOPEZ: Well, if I may have just a few minutes, Your Honor.

THE COURT: Yes, I'll give you some time.

MR. MALDONADO: Can we go with our evidence or do you want to wait, Judge?

THE COURT: Wait, I guess.

\* \* \* \* \* \*

THE COURT: [Are the documents] enough as a matter of law?

MS. LOPEZ: Well, Your Honor, if the Court is being—

THE COURT: And that's really my own concern because I know cases have been reversed because of that.

MS. LOPEZ: If the Court is concerned about that, then we would ask to reopen, pursuant to 36.02, which provides that relevant testimony could be brought in any time for the existence of fairness and justice, Your Honor, and we would ask to reopen and just call in the officers to come in and say, hey, it was before the offense date.

---

**2.** We are of the opinion that the trial judge did not grant appellant's directed verdict, but merely expressed an *intent* to rule a certain way in the future. The trial judge immediately expressed a willingness to continue hearing the law and the evidence on the subject, no resultant changes were made in the charge, and no notations were made in the docket sheet. Because the trial judge did not grant appellant's directed verdict, we need not consider the double jeopardy implications of the decision to reopen the evidence after the granting of a directed verdict on insufficiency grounds.

THE COURT: I'll grant you that request. All right.

MR. MALDONADO: And, of course, Judge, we object. They had plenty of time—

THE COURT: Sure. I understand. Bring the jury back in.

(emphasis added).

 Whether to reopen the evidence is left to the sound discretion of the trial court. *Holifield v. State,* 599 S.W.2d 836, 837 (Tex.Crim.App.1980); *Scott v. State,* 597 S.W.2d 755, 757 (Tex.Crim.App.1979). However, if either party seeks to reopen the case to offer admissible evidence, and such request is made before the reading of the charge and prior to arguments, and reopening the evidence would not impede the trial or interfere with the administration of justice, it is reversible error for the trial court to refuse such a request. *Id.* A trial court must reopen a case if the following conditions are met: 1) the witness is present and ready to testify, 2) the request to reopen has been made before the charge was read to the jury and final arguments were made, and 3) the judge had some indication of what the testimony would be and is satisfied that the testimony is material and bears directly on the main issues in the case. *Gibson v. State,* 789 S.W.2d 421, 423 (Tex.App.—Fort Worth 1990, pet. ref'd).

 In this case, reopening the evidence did not impede the trial or interfere with the administration of justice. All witnesses and documents were readily available to immediately continue with testimony concerning the enhancement count. The prosecutor made the request to reopen before the charge was read to the jury. And, the testimony was material and directly related to the enhancement count, a main issue in the case. Appellant's seventh point of error is overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.