Jerry Don PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–594–CR.

Court of Appeals of Texas,
Corpus Christi.

April 28, 1994.

Juan L. Villescas, Pharr, for appellant.

Theodore C. Hake, Asst. Crim. Dist. Atty., Rene Guerra, Dist. & County Atty., Edinburg, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from a conviction for the offense of aggravated robbery. Due to enhancement for two prior convictions, punishment was assessed at imprisonment for life. Appellant alleges five points of error, complaining of factual insufficiency, errors in the admission of evidence, improper jury argument, and failure of the court to allow appellant to reopen for additional testimony. We reverse and remand.

### Factual Background

On September 3, 1991, an individual fitting the general description of the appellant robbed a convenience store in McAllen at gunpoint. No physical evidence linked appellant to the crime; however, a store clerk testified as an eye-witness that appellant was the perpetrator. Testimony from the clerk at trial established that it was with some hesitation that he had identified appellant in the original photo-lineup on the day of the robbery. The clerk did, however, positively identify appellant in court as the person who held a gun to his side and demanded money.

Appellant's asserted defense was alibi. Appellant did not testify, but through other witnesses, he claimed that he was in Lubbock from late August, 1991, until January, 1992. Appellant was arrested in McAllen on February 15, 1992.

At trial, the convenience store clerk testified that the individual who had robbed the store had held the gun in his right hand.

The day after both sides closed their evidence, and prior to the reading of the charge or the commencement of argument, appellant moved to reopen for the limited purpose of asking one question of a witness who had already testified. Appellant sought the testimony of his mother that he was left-handed. The State objected, arguing that further testimony would delay the trial because it would be necessary to secure rebuttal witnesses. The court denied appellant's motion to reopen.

■ By his fourth point of error, appellant complains that the court's denial of his motion to reopen was reversible error. We agree.

### Standard of Review

■ Article 36.02 of the Texas Code of Criminal Procedure provides that:

The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to due administration of justice.

While the decision to reopen pursuant to article 36.02 is left to the sound discretion of the trial court, this discretion is not unlimited. *Holifield v. State*, 599 S.W.2d 836, 837 (Tex.Crim.App.1980).

This statute has been construed to mean that a trial judge commits reversible error when he refuses a request to reopen for the purpose of producing relevant and admissible evidence, regardless of its weight or the issue upon which it is offered, so long as the request is timely under the statute and does not threaten to unduly impede the trial. *Vital v. State*, 523 S.W.2d 662, 664–665 (Tex.Cr.App.1975).

*Rogers v. State*, 774 S.W.2d 247, 263 (Tex. Crim.App.), *cert. denied*, 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). In the case at bar, the State does not claim that the evidence appellant wished to present was irrelevant or inadmissible; nor does the State contend that the motion was untimely. The State alleges that reopening would have resulted in undue delay, due to the necessity to find witnesses to rebut the left-hand theory. This claim of delay is analogous to that in *Holifield*, 599 S.W.2d at 837. In *Holifield*, the defendant was denied the opportunity to reopen to testify on his own behalf on the

issue of self-defense. In holding this to be reversible error, the Texas Court of Criminal Appeals addressed the delay allegation as follows:

> The State argues in its brief that the trial had already lasted a week, and that to reopen the case would have resulted in at least a two day continuance "just so the State could reassemble its witnesses, if it could." However, the State's contention is not supported in the record *by testimony* that the rebuttal witnesses were actually unavailable. Although the State is entitled to offer evidence to qualify an informal bill of exceptions, it did not do so.

*Holifield,* 599 S.W.2d at 837.

In the case at bar, the State merely *argued* that delay would result. There was no evidence offered. Because the State, as opponent of the motion to reopen, offered no evidence that the introduction of appellant's evidence would have "impeded the trial or interfered with the due and orderly administration of justice," we hold that failure to reopen was error. *Id. See also Scott v. State,* 597 S.W.2d 755, 760 (Tex.Crim.App. 1979); *Meeks v. State,* 117 S.W.2d 454, 457 (Tex.Crim.App.1938).

The State argues that the testimony sought to be introduced, while "clearly related to a key issue below," was only related in a "tenuous, indirect manner," and therefore, failure to reopen was not erroneous under this court's holding in *Wilson v. State,* 857 S.W.2d 90, 98 (Tex.App.—Corpus Christi 1993, pet. ref'd). In *Wilson,* we opined:

> A trial court must reopen a case if the following conditions are met: 1) the witness is present and ready to testify, 2) the request to reopen has been made before the charge was read to the jury and final arguments were made, and 3) the judge had some indication of what the testimony would be and is satisfied that the testimony is material and bears directly on the main issues in the case.

857 S.W.2d at 98. This holding is in accord with other appellate decisions. *See, e.g., Gibson v. State,* 789 S.W.2d 421, 423 (Tex.App.—Fort Worth 1990, pet. ref'd). *Wilson* stands for the proposition that, under the three circumstances listed, reopening is mandatory; however, *Wilson* does not represent the exclusive means to fulfill the standard announced in *Vital,* 523 S.W.2d at 662. We, therefore, reject the State's proposition that the character of the evidence sought to be introduced in a reopening needs to be anything more than relevant and admissible. The State here admits relevance and has not challenged admissibility.

In this case, appellant's motion to reopen was made before the charge was read and before arguments commenced. The State failed to adduce evidence that to reopen would unduly impede the trial. The State does not assert that the evidence sought was irrelevant or inadmissible. We hold that the trial court abused its discretion in denying appellant's motion to reopen.

Because the evidence of left-handedness was relevant to appellant's alibi and mistaken-identity defense, we are unable to conclude beyond a reasonable doubt that the error made no contribution to the conviction. TEX.R.APP.P. 81(b)2. We sustain appellant's fourth point of error.

Having sustained this point, it is unnecessary to reach appellant's remaining points of error. TEX.R.APP.P. 90(a). The judgment is REVERSED and the cause REMANDED for a new trial.