NUMBER 13-99-245-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FRANCISCO HERNANDEZ-GARCIA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 232nd District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, Kennedy(1)


Opinion by Justice Kennedy



 Appellant was indicted for possession of more than 400 grams of
cocaine with intent to deliver. He was found guilty by a jury and the
trial court assessed punishment at confinement for thirty-five years.

 This appeal brings six points of error. The first four allege error in
the trial court's denying the motion to suppress evidence and in
admitting the seized contraband into evidence. Points one, two, and
three complain of the warrantless search because of (1) lack of probable
cause, (2) illegal detention, and (3) an illegal consent to search. Point
four raises the Texas exclusionary rule to argue that the seized evidence
was inadmissible.

 The final two points of error allege that the evidence was
insufficient legally (point five) and factually (point six) to support a
finding that appellant knowingly and intentionally possessed the
cocaine. At trial the court denied appellant's motion for instructed
verdict based upon all of these points.

 The states' evidence revealed that two City of Houston narcotics
officers observed the vehicle in which the cocaine was found in the
parking lot of a Houston motel. The officers became suspicious because
of the furtive activities of appellant and the man who was with him and
they set up a surveillance of the vehicle. When the two men left in the
vehicle the officers followed and called for a marked police unit to stop
the vehicle because, earlier, the officers had observed an expired
inspection sticker on the windshield. The officers requested, and were
given, written permission to search the vehicle after it had been
stopped, however, their initial search failed to produce any contraband. 
The narcotics officers then produced a narcotics detection dog. The
dog "alerted" on three areas of the vehicle and when the officers began
to dismantle these areas they uncovered a vast amount of what was
shown to be cocaine. An officer testified that the street value of the
cocaine was $1.7 million.

 With respect to the first four points of error, the state, in its brief,
argues that appellant has waived error, if any, because, when the
contraband was offered at trial, he stated that he had no objection to its
introduction. This court has so held in Wilson v. State, 857 S.W.2d 90,
93 (Tex.App. ­ Corpus Christi 1993, pet. ref'd.). In both the case at
hand and Wilson, a pretrial motion to suppress had been overruled. In
Wilson this court first ruled that there was no requirement that
appellant object to the admission at trial in order to preserve error, but
that his affirmative assertion of "no objection" to the admission of the
evidence waived any error.

 In the case before us, the record shows that defense counsel
stated "no objection" when the items seized from appellant's vehicle
were offered in evidence. Thus, any error in the trial court's denial of
the motion to suppress has been waived. We overrule points of error
one through four.

 The final two points of error challenge the legal and factual
sufficiency of the evidence to support the conviction. In support of
these points, appellant correctly cites the standards for judging
insufficient evidence as follows:

 To determine whether the evidence is legally sufficient to
support the verdict, the appellate court views the evidence
in the light most favorable to the verdict and asks whether
any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318, 319; Weightman v. State, 975
S.W.2d 621, 624 (Tex. Crim. App. 1998). . . . In a factual
sufficiency review, the appellate court examines all of the
evidence impartially and sets aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Cain v. State, 958 S.W.2d 404,
410 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).


 Appellant was present when the vehicle was searched and the
cocaine found. The vehicle in which the cocaine was found was
registered to appellant's wife, and appellant was shown to be an
insured driver of the vehicle.

 The amount of cocaine seized in the case before us was large and
very valuable in terms of money. In Menchaca v. State, 901 S.W.2d
640, 652 (Tex.App. ­ El Paso 1995, pet. ref'd). The court said:

 The jury was well aware that the cargo with which appellant
had been entrusted was valuable. It was a rational inference
that appellant would not have been entrusted in taking the
valuable cargo across an international border if he were a
mere innocent, ignorant of all the details surrounding his
responsibility and the importance of the cargo in his care.


 Appellant offered no evidence on either the guilt-innocence or
punishment phase of the trial. We hold that the evidence of appellant's
knowingly and intentionally possessing the cocaine, though
circumstantial, is neither legally nor factually insufficient to support the
guilty verdict. We AFFIRM the judgment of the trial court.


 NOAH KENNEDY

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 18th day of May, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§74.003 (Vernon 1998).