In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-393 CR


NO. 09-01-394 CR


____________________



BILLY SMART, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause Nos. 01-162,146-02 and 01-162,358-02






OPINION


 Billy Smart appeals his convictions for the class C offense of assault, as a lesser
included offense of class A assault alleged in the information filed in Cause No. 01-162,146-02, and class B offense of criminal mischief, as a lesser included offense of class
A criminal mischief alleged in the information filed in Cause No. 01-162,358-02. After
the jury found Smart to be guilty, the trial court assessed punishment at a $500 fine in
Cause No. 01-162,146-02, and at 180 days of confinement in the Montgomery County jail
and a $2,000 fine in Cause No. 01-162,358-02. The trial court suspended the jail sentence
and placed Smart on community supervision for two years. 

 The three points of error raised in Smart's appeal relate to the proof of venue. Smart
does not challenge the State's proof of the elements of the offenses. The victim, who
intended to drive to Missouri City, missed the road and ended up in Montgomery County. 
After a near collision, Smart and his companions exchanged unpleasant words and gestures
with the victim near a Chevron gas station at the League Line Road exit of Interstate 45. 
A high speed chase down I-45 ensued. Smart leaned out of the truck and threw a bottle
at the victim's truck, breaking the rear window. The victim exited the freeway, crossed
the grass, and pulled into the Texaco gas station at 310 North Freeway. The store operator
called the Conroe Police Department. The appellant and his companions arrived at the
station and approached the victim on foot. After one of the companions punched the
victim a couple of times, Smart struck the victim on the head. The altercation ceased
before the police officer arrived, but the officer conducted his investigation and
interviewed the victim at the Texaco station. The officer testified that all of the events that
he testified to occurred in Montgomery County. 

 After the State rested, Smart moved for an instructed verdict on the grounds that the
State failed to prove venue. The State argued that it had proven venue, then moved to
reopen. The trial court granted the motion to reopen. Defense counsel objected to
reopening, then reiterated his motion for instructed verdict. Noting that the motion for
instructed verdict was premature because the trial court had granted the motion to reopen
and State had not finally rested, the trial court overruled the motion for instructed verdict. 
The prosecution then recalled the victim, who testified that the entire car chase and the
fight at the Texaco station occurred in Montgomery County. On re-cross, the victim
admitted that he was lost that night and at the time did not know where he was. Defense
counsel renewed his motion for instructed verdict, which the trial court overruled.

 Point of error one contends that the evidence was insufficient to prove that either
the assault or the criminal mischief occurred in Montgomery County. Venue in a criminal
case need only be proven by a preponderance of the evidence. Tex. Code Crim. Proc.
Ann. art. 13.17 (Vernon 1977). Proof of venue may be established by direct or
circumstantial evidence. Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983). 
The place of commission of an offense can be established through unobjected-to hearsay
testimony from the investigating officer. See Bordman v. State, 56 S.W.3d 63, 70-71
(Tex. App.--Houston [14th Dist] 2001, pet. ref'd). In this case, venue for the offense was
established by the victim's testimony that the car chase and the fight occurred in
Montgomery County, and by the testimony regarding the location of the Texaco station and
the highway. Point of error one is overruled.

 Point of error two urges that the trial court erred in overruling Smart's motion for
instructed verdict for failure to prove that the offense of criminal mischief was committed
in Montgomery County. The trial court granted the State's motion to reopen before it
ruled on the motion for instructed verdict. Therefore, the first motion and ruling were
premature and on appeal we review the motion and ruling made after the State recalled the
victim to establish venue. Regardless of the timing of the motion and the ruling, point of
error two presents the identical legal issue to point of error one. A challenge to the trial
court's ruling on a motion for instructed or directed verdict is treated as a challenge to the
legal sufficiency of the evidence. McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim.
App. 1997). We consider all the evidence, both from the State and the defense, in the light
most favorable to the verdict. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App.
1990). In this case, venue for the offense was established by the victim's testimony that
the car chase and the fight occurred in Montgomery County, and by the testimony
regarding the location of the Texaco station and the highway. Point of error two is
overruled.

 Point of error three argues that the trial court abused its discretion in allowing the
State to reopen its case and elicit evidence of venue. "The court shall allow testimony to
be introduced at any time before the argument of a cause is concluded, if it appears that
it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann. art.
36.02 (Vernon 1981). Reopening the State's case-in-chief did not impede the trial or
interfere with the administration of justice. The State made its request before the reading
of the charge, the witness was present and available to testify immediately, and the
testimony was material to a matter the State was required to prove because the defendant
had challenged the presumption of venue by raising a motion for instructed verdict. 
Although the appellant argues that the trial court mistakenly believed that the State had not
rested, a close reading of the record reveals that the trial court was merely referring to the
fact that he had already granted the motion to reopen. The trial court may in its discretion
permit the State to reopen after the defendant moves for instructed verdict. Holifield v.
State, 599 S.W.2d 836, 837 (Tex. Crim. App. 1980). Here, no abuse of that discretion
is present. Point of error three is overruled, and the judgments are affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on October 2, 2002

Opinion Delivered October 16, 2002

Do Not Publish 

Before Walker, C.J., Burgess and Gaultney, JJ.