

# NUMBER 13-06-696-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HECTOR AVILA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

## On appeal from the 117th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Hector Avila, appeals his murder conviction. *See* TEX. PENAL CODE ANN.
§ 19.02(b) (Vernon 2003). Avila was a juvenile when he was indicted, but he was tried as
an adult. On appeal, he argues that the trial court erred by denying his motion to suppress
his confession. Because Avila waived his complaints regarding the admission of the

confession, we affirm.[1]

## I. Background

On March 31, 2006, a confrontation occurred outside a Tinseltown movie theater in Corpus Christi. John "Bo" Fernandez was shot and killed during the incident. Avila, along with several others, was apprehended in a field behind Tinseltown and was arrested. At the time of his arrest, Avila was 16 years old and in the seventh grade. Avila was taken to the Corpus Christi Police Department, where he subsequently gave a statement to the police confessing that he shot a gun at Fernandez.

On July 27, 2006, Avila was indicted for the murder of Fernandez. The State petitioned for a transfer of Avila's criminal case to a Nueces County District Court so that he could be tried as an adult pursuant to sections 53.04 and 54.02 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 53.04, 54.02 (Vernon 2002). The juvenile court granted the petition, and Avila's criminal case was transferred to the 117th District Court of Nueces County.

Avila moved to suppress his confession. The motion alleged that the statement was involuntary and coerced and that the procedures followed to obtain the statement violated (1) the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; (2) an unspecified provision of the Texas Constitution; (3) section 30.22 of the Texas Code of Criminal Procedure, which does not exist, and (4) section 51.095 of the Texas Family Code. *See* U.S. CONST. amends. V, VI, XIV; TEX. FAM. CODE ANN. § 51.095 (Vernon

---

[1] After reviewing the briefs of the parties and the appellate record, we conclude all dispositive issues are clearly settled in law. Therefore, we issue this memorandum opinion pursuant to rule 47.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 47.1. The factual nature of this case, as well as its procedural history, are known to the parties; therefore, we do not recount these matters in detail.

2002).[2]

The trial court held a hearing on the motion to suppress. At the hearing, Avila's counsel questioned Avila and the officers who apprehended him and who took his statement on the night of the murder. Avila's counsel argued that the officers did not follow the procedures mandated by section 51.095 of the family code. On September 28, 2006, the trial court denied the motion to suppress.

Avila was tried along with a co-defendant, Daniel Garza. During trial, Garza's counsel requested that Avila's statement be redacted to exclude references to Garza. The parties agreed upon several sentences that were required to be redacted. At that time, outside the presence of the jury, Avila's counsel reurged his motion to suppress. The trial court again denied the request.

Officer Hugo Stimmler, a detective with the Corpus Christi Police Department, testified that he was called to the theater on the night of the murder. He testified that Avila was arrested at Tinseltown and that, thereafter, he took a statement from Avila at the Corpus Christi Police Department.

During Stimmler's testimony, the State offered Exhibit 56, which was the redacted version of Avila's statement about the events at Tinseltown. It stated:

> On 3/31/06, at around 9:30 pm [sic], I was at the Tinsletown [sic] Movies on Greenwood. I was with my girlfriend . . . and a friend . . . . While I was there, Jesse Soliz started giving me a hard time. He said I had been

---

[2] The motion alleged that section 51.09(b)(2) of the Texas Family Code was unconstitutional on its face because it allowed a confession to be obtained from a juvenile and to be admitted in a proceeding against the juvenile without first giving the juvenile the warnings listed in section 51.09(b)(1), which he alleged were required by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Texas. Avila did not cite a specific provision of the Constitution of the State of Texas. Section 51.09 no longer includes former subsection (b), which was moved to section 51.095 in 1997. Act of May 26, 1997, 75th Leg., R.S., ch. 1086, § 4, 1997 TEX. SESS. LAW SERV. 4179, 4181. We presume that Avila's counsel intended to cite to section 51.095 of the Texas Family Code, which specifically addresses the admissibility of a child's statement. *See* TEX. FAMILY CODE ANN. § 51.095 (Vernon Supp. 2007 & Pamph. 2008).

talking down on his hood. Jessie's cousin Bo came up and started saying he was R.U. Bo slapped me[,] and Jesse said "fuck You, dog, C.V." [sic] Jessie came up behind Bo[,] and I saw he had an automatic Pistol. Somebody passed a revolver to me. Jessie said that he was going to kill me, and started pointing the gun at me. I aimed my gun at him and closed my eyes and shot three times. [Redacted portion].

Jesse shot at us and then every one [sic] started running. [Redacted portion]. I took off running to the back of the movies[,] and I threw the gun in the parking lot. I laid down in the field behind the movies. I got up and started walking but was picked up by the police.

The bottom of the document contains handwriting by Magistrate Rudolfo Tamez, which states that the document was signed on the first day of April, 2006 at 4:42 a.m., was voluntarily signed in Magistrate Tamez's presence, and was not signed in the presence of a law enforcement officer or prosecuting attorney. Avila's signature is on the document. Avila's counsel objected that the statement "violates [Avila's] constitutional rights." The trial court overruled the objection.

The State then offered Exhibit 57, which was essentially the same document as Exhibit 56 except that the statement was typed onto a form used for taking statements from juveniles. Again, Avila's counsel objected "on the basis of the violation of [Avila's] constitutional rights." The trial court overruled the objection.

During his cross-examination of Stimmler, Garza's attorney had Stimmler read a statement by Garza into the record that implicated him in the shooting. Therefore, during a break in the testimony outside the presence of the jury, the State argued that Garza waived any objection to the redacted portions of Avila's statement implicating Garza. The court then advised the parties that Avila's unredacted statements would be admitted into evidence.

4

The jury was brought back in the courtroom. The State offered Exhibits 59 and 60, which were two unredacted versions of Avila's statement. These exhibits contained the same confession but also included the previously-redacted statements implicating Garza. After the State offered the exhibits, the following exchange occurred:

| | |
|---|---|
| The Court: | Any objections? This is the nonredacted [sic] statement of Hector Avila. |
| Avila's Counsel: | I'm reading. |
| Garza's Counsel: | That's correct, Your Honor. |
| The Court: | All right. No objections? |
| Avila's Counsel: | No. |

The jury found Avila guilty, sentenced him to 40 years' imprisonment in the Texas Department of Criminal Justice–Institutional Division, and imposed a $10,000 fine. This appeal ensued.

## II. Discussion

By a single issue, Avila argues that the trial court erred in admitting his statement. Avila argues that the statement violated the Texas Family Code because (1) Avila was not taken to a location authorized by sections 52.02(a) and 52.025 without unnecessary delay; and (2) his parents or an official designated by the juvenile board were not notified promptly of the action and reason for his detention as required by section 52.02(b). *See* TEX. FAM. CODE ANN. §§ 52.02 (Vernon Supp. 2007 & Pamph. 2008), 52.025 (Vernon 2002). The State argues that Avila waived his complaints on appeal by affirmatively representing to the trial court that he had no objection to the admission of the statements.

5

We agree.[3]

Texas Code of Criminal Procedure article 38.23(a) provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). A defendant who files a pre-trial motion to suppress evidence and obtains a ruling on the admissibility of the evidence need not object every time the evidence is offered at trial to preserve error. *See Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). "However, when the defendant affirmatively asserts during trial he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling." *Id.*; *see also Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008); *Harris v. State,* 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); *Wilson v. State*, 857 S.W.2d 90, 93 (Tex. App.–Corpus Christi 1993, pet. ref'd).

In this case, when Avila's unredacted statements were offered, Avila's counsel affirmatively stated that he had no objections. There is nothing in the record to indicate that the trial court understood that Avila intended to preserve his objections to the admission of Avila's statement. *See, e.g., Shedden v. State*, Nos. 13-07-170-CR,

---

[3] The State also argues that Avila waived his issue because his complaints on appeal do not comport with the arguments raised in his motion to suppress and at trial. *Darden v. State*, 629 S.W.2d 46, 51 (Tex. Crim. App. 1982) (holding that juvenile waived objection to confession under Texas Family Code section 52.02 by failing to raise argument in motion to suppress; thus, contention on appeal was different than objection in trial court); *see Dang v. State,* 99 S.W.3d 172, 186 (Tex. App.–Houston [14th Dist.] 2002) (same under section 52.025), *rev'd on other grounds,* 154 S.W.3d 616 (Tex. Crim. App. 2005). We need not address this argument because we find that Avila affirmatively waived his objections to the statement.

13-07-409-CR, 2008 WL 3984146, at *12 (Tex. App.–Corpus Christi Aug. 29, 2008, no pet. h.) (holding that defense counsel did not waive pre-trial motion to suppress by affirmatively stating "no objection" where parties engaged in lengthy discussion of suppression issues before trial, defense counsel corrected error immediately after apparent waiver, and trial court told defense counsel that error was preserved for appeal). Accordingly, Avila expressly waived his complaints on appeal,[4] and there is nothing preserved for this Court to review. Avila's issue is overruled.

## III. Conclusion

Having overruled Avila's sole issue on appeal, we affirm the trial court's judgment of conviction.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 20th day of November, 2008.

---

[4] *See In re C.O.S.*, 988 S.W.2d 760, 764-67 (Tex. 1999) (holding protections for juvenile in family code section 54.03 are "waivable only" rights that may be waived expressly); *Childs v. State,* 21 S.W.3d 631, 637-39 (Tex. App.–Houston [14th Dist.] 2000).